DAVID GABRIEL, Respondent, v. THE AKINSVILLE PRESSED BRICK COMPANY, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Contract**: PREVENTED PERFORMANCE: ACTION. If one party to a contract while engaged in executing the same, as in drilling a well, is notified by the other party thereto to stop, as he does not want and will not pay for the completed work, the first party may stop and without completing and tendering the completed work, bring his action for damages for breach of the contract.

2. ———: ———: MEASURE OF DAMAGES. A party thus prevented from performing his contract is entitled to recover the contract price for the work actually performed; and, it would seem, in the absence of other damages, the difference between the price and what it would cost to perform the contract as to the residue.

*Appeal from the Morgan Circuit Court.*—Hon. D. W. Shackleford, Judge.

Affirmed.

*Jno. A. Blevins* for appellants.

(1) The motion in arrest of judgment should have been sustained. The allegations in petition show that plaintiff is not entitled to recover. It states no cause of action. *Bayse v. Ambrose*, 32 Mo. 484; *Eyerman v. Cemetery*, 61 Mo. 489; *St. Louis v. Cruikshank*, 16 Mo. App. 495; *Davis v. Brown*, 67 Mo. 313. (2) The demurrer offered to plaintiff's evidence and renewed at the close of the case should have been given. There can be no recovery upon a special contract without proof of performance. Plaintiff had forfeited his contract by failure to complete within reasonable time, and upon the whole case plaintiff was not entitled to recover. *Ehrlick v. Ins. Co.*, 88 Mo. 249; *Yeats v. Ballentine*, 56 Mo. 530; *Mansur v. Botts*, 80 Mo. 651; *Billups v. Daggs*, 38 Mo. App. 367; *Greutzner v. Ande Furniture Co.*, 28 Mo. App. 263; 1 Story, Cont. [4 Ed.], sec. 25, c. pp. 27, 29. (3) The measure of damages is erroneously stated. There was no proof of damages and the question was virtually taken from the jury. At most, plaintiff was only entitled to nominal damages. *Breen v. Fairbank & Co.*, 35 Mo. App. 212; *Barrie v. Seidel*, 30 Mo. App. 559; *Hayes v. Delzell*, 21 Mo. App. 679; *Kennedy v. Holladay*, 25 Mo. App. 514; *Williams v. Iron Co.*, 30 Mo. App. 662. A recovery by plaintiff is authorized without performance of the contract, or a finding that he was prevented from performing his contract. (4) The contract was in entirety and could not be apportioned. The labor performed

by plaintiff resulted in no benefit to the defendants, and was not accepted or used by them. He failed to finish the work and under the undisputed facts in the case he can not recover. *Earp v. Tyler*, 73 Mo. 617; *Ins. Co. v. Germany*, 74 Ga. 51; *Billups v. Daggs, supra; Greutzner v. Ande Fur. Co., supra; Moore v. Gaus & Sons*, 113 Mo. 107; *Reede v. Mitchell*, 97 Mo. 365. See authorities cited under paragraph 4.

*A. L. Ross* for respondent.

(1) In the course of performance by plaintiff, defendants by written notice deliberately renounced the contract and refused performance on their part. Plaintiff was then exonerated from a continued performance of his promise, and was at once entitled to bring action on the contract. Anson on Cont. [2 Am. Ed.], t. pp. 373, 474, 375, note 1, p. 375. (2) There was a breach of the contract by defendants. Plaintiff was prevented from compliance by the refusal of defendants to receive and pay for the work if completed. This authorized plaintiff to recover not only for work done, but for profits on unperformed work. He does not seek to do this, however. He seeks to recover only for work actually performed, and the contract price is the measure of his damages. *Park v. Kitchen*, 1 Mo. App. 357; *Fitzgerald v. Hayward et al.*, 50 Mo. 516. A simple breach of the contract by defendants, such as nonpayment or refusal to pay, would entitle plaintiff to recover on the contract for work already done. *Fitzgerald v. Hayward*, 50 Mo. 524. (3) Appellant's first assignment of errors complaining of the court's action in overruling motion in arrest of judgment, is not well taken. Anson on Contracts [2 Am. Ed.],

pp. 285, 286, and cases cited, particularly *Cort v. Railroad*. Also authorities under paragraph 2. An absolute refusal to accept the work, if completed, is the same, as respects plaintiff's remedy, as an absolute physical prevention by defendants. *Hosmer v. Wilson*, 7 Mich. 304. The petition should be liberally construed with a view to substantial justice. 1 McQuillin's Pl. and Proc., sec. 266, and cases cited. (4) The proof showed the contract price, the amount of work, and the amount due. In this case the contract price is the measure of damages, unless the defendants show the damages were really less, which was not done. *Park v. Kitchen, supra; Hosmer v. Wilson, supra.* Sedgwick on Measure of Damages [2 Ed.], pp. 202, 215.

GILL, J.—Plaintiff's petition states: "That the above named defendants are associated together and doing business under the firm name of The Akinsville Pressed Brick Company; that the defendants composing said company, on or about the first day of September, 1892, contracted with and employed him to drill a well for them at the brick works of said company at Akinsville in Morgan county, Missouri, to a depth sufficient to procure two and one-half gallons of water per minute, for and in consideration of $1 per foot for the first one hundred feet, and $1.25 per foot for any depth in excess of one hundred feet that it might be necessary to go in order to get the amount of water aforesaid.

Plaintiff states that he agreed to drill said well upon the foregoing terms and conditions, and for the aforesaid mentioned consideration; that in pursuance of said contract and agreement, he (plaintiff) proceeded to, and did, drill said well for defendant to a depth of two hundred and fifteen feet; that when he had

reached said depth in drilling said well and while engaged in the further prosecution of said work, said defendants, composing said company, notified him in writing to stop said work; that they had made other arrangements for water and did not want said well and declined to pay for the same. Plaintiff further states that he was and is ready and willing to comply with his part of said contract and complete said well, but that defendants refused to accept the same. Plaintiff further avers that upon the receipt of the notice to stop work as aforesaid, that he demanded payment of defendants for the work done as aforesaid, and in amount as follows, to wit:

To drilling well for first 100 feet at $1 per foot .......... .......$100 00
To drilling well 115 feet in excess of 100 feet at $1.25 per foot..... 143 75

Total.... ..... ................... ....... ....... .....$243 75

Plaintiff further states that payment for said work as aforesaid, was, by defendants, refused; that said sum of $243.75 is justly due and owing by defendants to plaintiff. Wherefore plaintiff says there has been a breach of said contract and agreement, whereby he is damaged in the sum of $243.75, for which and for costs he asks judgment."

The answer of defendants, in addition to a general denial, sets forth the contract substantially as pleaded by plaintiff, except that defendants aver that plaintiff agreed by the terms of the contract to finish the well during the fall of 1892 and that plaintiff had not performed his part of the contract, and that he had failed to finish the well during the fall of 1892 or at any other time, and that the well was wholly useless to the defendants. Defendants also denied that they ever at any time notified plaintiff to quit work or to abandon his contract.

The evidence on the part of the plaintiff tended to

sustain every material allegation of his petition; that he contracted with defendants for digging the well as alleged, fixing no time for its completion; that he entered on the work in September and continued to drill for water though interrupted during the fall and winter by his own sickness and getting the drill fast when down about 200 feet; that the drill was at last "lifted" and released in the spring of 1893, when plaintiff resumed work, but that defendants then served on him the following notice in writing:

"AKINSVILLE, Mo., May 10, 1893.

"*David Gabriel:*

"It is the order of the Akinsville Pressed Brick Co., to notify you that they have made other arrangements for water supply and don't need the well and are not willing to pay for the same.

"J. F. DEVINNA,
"Sec'y Board."

The plaintiff thereupon quit work and demanded pay for what he had done, which being refused, this action was brought.

Defendants testified to about the same agreement as that sworn to by plaintiff, *except* that the party who acted for the defendants stated that the understanding was that the well should be finished during the fall of 1892. The jury, however, found this and all issues of fact in favor of the plaintiff and awarded him a verdict for the full amount sued for, and from a judgment in accordance therewith defendants have appealed.

I. Since the jury have found, and on evidence tending to sustain such a finding, that the plaintiff only agreed to complete the well within a reasonable time, and that he did not unreasonably and unnecessarily delay the work, but prosecuted the same with proper diligence, we find here but two questions which deserve notice: *First*, was the plaintiff, under the

circumstances, entitled to abandon the work on the well when he did and recover damages from defendants; and, *second*, was he entitled as damages to recover for the amount of work done measured by the terms of the contract?

As to the first point, the rule is general and well understood, that a party will not be allowed to recover for breach of a special contract unless such complainant shall show, either full performance on his part, or that he was prevented from so doing by the wrongful act of the other party. Renunciation of the contract, however, during the course of performance, has been generally held the equivalent to prevention. "It may happen that in the course of performance one of the parties may by a word or act deliberately and avowedly refuse performance of his part. He may do this by renouncing the contract, or by rendering it impossible of performance. The other party is then exonerated from a continued performance of his promise, and is at once entitled to bring action." Anson on Contracts, [2 Am. Ed.], p. 373. Among the authorities cited by the author is *Cort v. Railroad*, 17 Q. B. 127, in which it appears that the plaintiffs contracted with the defendant company to supply it with 3,900 tons of railway chairs at a certain price, to be delivered in stated quantities at certain future dates. After 1,787 tons had been delivered, the defendants gave notice that they would not receive any more as they were not needed. Action was brought on the contract, plaintiffs averring readiness and willingness to perform their part, and that they had been prevented from so doing by the company. They obtained a verdict, but defendant objected and asked a new trial on the ground that the plaintiffs should have proved not merely readiness and willingness to deliver, but an actual delivery of the chairs. But the court of Queen's Bench

held the plaintiffs were entitled to maintain the action, using this language in course of the opinion: "Where there is an executory contract for the manufacturing and supply of goods from time to time to be paid for after delivery, if the purchaser, having accepted and paid for a portion of the goods contracted for, gives notice to the vendor not to manufacture any more as he has no occasion for them and will not accept or pay for them, the vendor having been desirous and able to complete the contract, he may, without manufacturing and tendering the rest of the goods, maintain an action against the purchaser for breach of contract."

Among the decisions favorable to this view we find also one in Michigan in point and well considered. The defendant engaged the plaintiff to build an engine of a certain pattern. After a part performance the defendant notified plaintiff that he did not need the machine, had purchased one elsewhere that suited him better. Plaintiff quit the work and brought suit for damages on the contract. In course of the opinion the court says: "But it is claimed by counsel that no action could be maintained on the special contract until fully performed, and the engine delivered or tendered to the defendant; that the unqualified refusal of the defendant to take the engine when it should be completed, was not a prevention of performance which would authorize the plaintiff to sue upon the contract on that ground. We think it was, and that such absolute refusal is to be considered in the same light, as respects the plaintiff's remedy, as an absolute physical prevention by the defendant." *Hosmer v. Wilson,* 7 Mich. 294, and authorities cited on page 304.

See also in point, *Derby v. Johnson,* 21 Vt. 17 and *Clement Mfg. Co v. Meserole,* 107 Mass. 362. Adopting now the theory announced by the foregoing authorities, the plaintiff was justified in regarding the de-

fendant's order of May 10 (quoted in the statement) as an absolute prohibition to further prosecute the work of digging the well; and he had the right to abandon the same and sue for damages as for a breach of the special contract.

II.   On the second point, as to what was the proper measure of damages, we think the trial court ruled correctly.   Plaintiff was permitted to recover the contract price for the work actually done.   He was entitled to this if not more.   In Sutherland on Damages it is said:   "In an action upon the contract against the employer for preventing complete performance, the contractor is entitled to recover the contract price for the work actually done, and, in the absence of other damages, the difference between the price and what it would cost to perform the contract as to the residue." 2 Sutherland on Dam. [2. Ed.], sec. 715. See, also, *Danforth v. Railroad*, 93 Ala. 614, 621; *Heine v. Meyer*, 61 N. Y. (16 Sick.) 171; *Preble v. Battom*, 27 Vt. 249; *Fitzgerald v. Hayward*, 50 Mo. 516, 524.

Other points suggested in brief of defendant's counsel have been considered, but we find no substantial error.   The judgment therefore will be affirmed. All concur.