CLAES AND LEHENBEUTER MANUFACTURING COMPANY, Appellant, v. T. J. McCORD, Respondent.

St. Louis Court of Appeals, March 10, 1896.

1. **Sales:** TIME OF DELIVERY: STATUTE OF FRAUDS. When a contract of sale is reduced to writing and is silent as to the time of delivery, its legal effect is to allow a reasonable time for delivery. Accordingly, a stipulation for delivery within a specified time should be embraced in the writing, and can not be shown by oral evidence, when the contract is within the statute of frauds.

2. ————: RIGHT OF RESCISSION. In the absence of fraud or mutual mistake, neither party to a contract has the right to rescind it without the assent of the other.

3. ————: REMEDIES FOR BREACH OF CONTRACT. When a party to a contract expressly renounces it without right so to do, the other party may either treat it as broken and at once sue for the breach without averring an offer or readiness on his part to perform, or he may wait until the time of performance has expired and then sue for the consequences of nonperformance. In the latter case the contract is kept alive for the benefit of both parties.

*Appeal from the Lawrence Circuit Court.*—HON. EDWARD C. CROW, Judge.

REVERSED AND REMANDED.

*H. H. Bloss* and *Geo. W. Lubke, Jr.*, for appellant.

*C. C. Matlock* and *Jos. French* for respondent.

BOND, J.—On May 22, 1894, defendant contracted in writing to purchase from plaintiff certain furniture and fixtures to be manufactured for a bank to be established at Galena, Missouri. The price to be paid was $271.50 for the delivery of the articles at the depot in St. Louis for shipment to Marionville, Missouri. On the twenty-sixth of May, 1894, defendant countermanded his order for the furnishings by letter to that effect. This suit is for $75 for the breach of said contract. The defense was that plaintiff's conduct after notice of the countermand of the order amounted to an acceptance of the same as a rescission of the contract. The trial resulted in a verdict and judgment for plaintiff for $2.50, from which plaintiff appealed.

The first error assigned is the reception in evidence by the court of defendant's testimony that, before or at the time the contract was made, he was informed by plaintiff's agent that it would require two months to make the fixtures in question and have them ready for delivery. The contract, as written, is silent as to the time of delivery of the articles. The legal effect of this was to give plaintiff a reasonable time within which to make and deliver the goods. The contract was one required under the statute of frauds to be in writing. If, therefore, the parties stipulated when it was made as to the time of delivery, this stipulation should have been embraced in the written agreement, and it could not be shown by verbal testimony. *Smith v. Shell*, 82 Mo. 215. Hence this assignment of error was well taken.

The next complaint relates to the instructions given by the court of its own motion and on behalf of

defendant, and the refusal of plaintiff's instructions. The instruction given by the court of its own motion need not be set out. It is enough to say that it is contrary to settled principles of law governing the right to recover for a breach of contract. The law is that, where the promisor before the time of performance expressly renounces his contract, the promisee is thereby entitled either to treat the contract as broken and sue at once for its breach without averring an offer or readiness to perform, or he may wait until the time of performance has expired, and then sue for the consequences of nonperformance. In the latter case the contract would be kept alive for the benefit of both parties. *Bignall and Keeler Mfg. Co. v. Mfg. Co.*, 59 Mo. App. 673; *Crist v. Armour*, 34 Barb. 378; *New Brunswick & Canada R'y Co. v. Wheeler*, 12 Fed. Rep. 377, affirmed, 115 U. S. 29; *Sullings v. Goodyear Dental Vulcanite Co.*, 36 Mich. 313; *Dambmann Bros. & Co. v. Lorentz &-Rittler*, 70 Md. 380; *Oskaloosa College v. Hickok*, 46 Iowa, 237; *Kadish v. Young*, 108 Ill. 170; *Remy v. Olds*, 88 Cal. 537; *Roebling's Sons v. Lock Stitch Co.*, 130 Ill. 660.

The instruction given at defendant's request is to wit: "The court instructs the jury that, while it is admitted by the pleadings in this case that the defendant executed the contract sued on, yet if you believe from the evidence *that said contract was rescinded by the defendant soon after said contract was entered into* and before anything was done or expense incurred by plaintiff toward the execution of said contract, then your verdict should be for the defendant."

This instruction can not be sustained. Rescission is a matter of right where the contract is voidable for fraud, or is the result of mutual mistake. It may also be had by mutual consent, for it is in the power of those who made the contract to unmake it. In the case

at bar there is no pretense of any ground for rescission of the contract sued upon other than by the consent or acquiescence of plaintiff; yet in the above instruction the court, in effect, told the jury that defendant of his own volition could rescind a valid contract against the objection of the other party.    This was a total misconception of the law.    Defendant's answer in this case shows that his only claim of a right to rescind the contract was based upon the assumed acquiescence of plaintiff in such rescission.    It is difficult to see, therefore, upon what theory the court gave an instruction that defendant might annul the contract without the concurrence of plaintiff.    The law is well settled that such action on his part entitled the plaintiff to sue. Bishop on Contracts, section 1428.    *Gabriel v. Brick Company*, 57 Mo. App. 520.

For the foregoing errors the judgment in this case must be reversed.    From what has been said the court will no doubt be able on the next trial to give correct instructions covering the issues in this case.    The instructions proffered by plaintiff and refused by the court were in the main correct.    They should be amended so as to declare the measure of damages recoverable in this suit (see 57 Mo. App. 520), and to accord with the views expressed in this opinion.    If this is done, they should be given.    The judgment will, therefore, be reversed and the cause remanded.    All concur.