THE ST. LOUIS RAWHIDE COMPANY, Respondent, v. FRANK W. HILL, Appellant.

**St. Louis Court of Appeals, November 9, 1897.**

1. **Corporation, Private**: OMISSION IN MINUTES OF BOARD, PAROL EVIDENCE SUPPLYING: ADMISSIBILITY.   In the absence of any statute prescribing what the minutes of the meetings of the board of directors of a private corporation shall show, an omission of the minutes of the board to show that any of the directors were present in a meeting of the board may be supplied by parol evidence.

2. ———: POWER TO BUY AND SELL ITS OWN STOCK: RULE: EXCEPTION. The rule is that a corporation can not buy and sell its own stock, unless the authority is conferred by its charter.   But it may do so, where it buys in its stock for the purpose of saving a debt and with a view to a reissue of the same, or under circumstances where the transaction is fair on its face, not tainted with fraud, and clearly to the interest of the corporation, unless prohibited by its charter.

3. **Pleading**: EVIDENCE: COMPETENCY: PRESUMPTION.   Where a petition contains two counts, one of which fails to state a cause of action, objections made and exceptions saved as to the admission of testimony in support of such count should be sustained.   But where it does not appear on which count the finding was, this court will presume, in fairness to the trial judge, that it was on the count stating a cause of action, and that the other count was not considered by him, and therefore without prejudice to appellant.

4. **Corporation**: SUIT FOR CONTRACT PRICE OF STOCK: PLEADING: EVIDENCE.   In a suit by a corporation for the contract price of certain shares of its stock sold to defendant, where the petition averred its readiness to comply with its part of the contract, and the evidence failed to show that plaintiff had at any time transferred the certificates of stock to defendant on its books, or otherwise, and no offer was made to produce such certificates in court, to be transferred to defendant on the trial, or at all, the judgment was erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

*H. S. Shaw* with *Wm. A. Garesche* for appellant.

Plaintiff can not declare on one contract and
recover on another essentially different. *Link v.
Vaughn*, 17 Mo. 585; *Clements v. Yeates*, 69 *Id.* 623;
*Leslie v. R. R.*, 88 *Id.* 50; *Philips v. Mastbrook*, 24 Mo.
App. 133; *Edwards v. Albrecht*, 42 *Id.* 501; *Sisney v.
Arnold*, 28 *Id.* 571; *Crone v. Peters*, 63 Mo. 429. This
is not a mere variance. Law. on Con., sec. 16. Plain-
tiff failed to perform its part of the contract by a deliv-
ery or tender of the balance of the stock. Benj. on
Sales, sec. 592.

The court erred in admitting in evidence the
alleged minutes of the meeting of the directors of the
corporation. They were not authenticated as the stat-
ute requires. R. S. 1889, sec. 2532.

The alleged minutes were not competent to prove
the agency of G. G. Wear to act for the company.
*R. R. v. Kimmel*, 58 Mo. 83; *Peck v. Richey*, 66 Mo.
114; *Turney v. Lord*, 92 *Id.* 116.

To recover for breach of contract, the party com-
plaining must aver and prove performance of the con-
tract on his part, except when it is apportionable.
*Billups v. Daggs*, 38 Mo. App. 367.

The court erred in overruling defendant's motion
to exclude testimony on second count of petition,
which failed to state a cause of action. *Bowie v. Kan-
sas City*, 51 Mo. 452; *Grove v. City of Kansas*, 75 *Id.*
672.

As the judgment in this case is general, and the
effect of the admission of testimony as to damages can

not be determined, the judgment should be reversed. *Weil v. Posten*, 77 Mo. 284.

*Rowland L. Johnston* and *John Johnston* for respondent.

Corporate acts may be proved in the same manner as acts of individuals; if there be no record evidence, they may be proved by the testimony of witnesses. *Hotel Co. v. Newman*, 30 Mo. 118.

APPELLANT'S REPLY.

The case of *Hotel Co. v. Newman*, 30 Mo. 118, cited by respondent, was rendered under statutes of 1856, and is inapplicable. R. S. 1889, sec. 2532.

Every statutory provision for the doing of an act must be strictly complied with. *Hopkins v. Scott*, 86 Mo. 143–147.

BLAND, P. J.—The petition in this case contained two counts. The first averred that the plaintiff sold to defendant, and defendant purchased of the plaintiff eighty shares of its capital stock, at the agreed price of $25 per share. That defendant had paid $100 of the purchase price and received twenty-five shares of the stock, but had refused to pay the balance. Judgment was asked for the balance of the agreed purchase price for the eighty shares of stock—$1,900 and interest.

The second count was for remote, consequential, and unliquidated damages, alleged to have been occasioned for want of funds to carry on the business of the corporation, which would not have occurred had the defendant complied with his contract by paying the $2,000.

The answer was a general denial as to both counts. A jury was waived and the issues submitted to the

court. No declarations of law were asked or given. The court found the issues for the plaintiff and assessed the damages at $1,900, and rendered judgment in accordance therewith. From this judgment, after an unsuccessful motion for a new trial, defendant duly appealed to this court.

G. G. Wear, the president of the Rawhide Manufacturing Company, was the principal witness for the company. His testimony tended to prove that himself, his wife, daughter, and two Whitneys held about all the capital stock of the corporation, consisting of one hundred and fifty shares. That one of the Whitneys had given his note of $1,000 to the corporation in payment or part payment for his shares of stock; that Mrs. Wear, by an arrangement with the board of directors and one of the Whitneys, substituted her note of $1,000 for Whitney's, in consideration of the transfer to her of seventy-three shares of stock by Whitney. Wear's testimony tended to further prove that on the third day of June, 1896, he agreed for the corporation to sell to Hill, the defendant, eighty shares of the capital stock of the corporation for $2,000 and that Hill agreed to purchase that number of shares at that price, and that in about ten or fifteen days thereafter Hill called at the office of the corporation and paid $100 on his purchase, and received twenty-five shares of the capital stock of the corporation, but that he had failed and refused to pay any more money under his agreement, and on August 14 following wrote the following letter:

"St. Louis, August 14th, 1896.
"*St. Louis Rawhide Mfg. Co.*

"Gentlemen: — Having entered into a verbal agreement with your company, and the same accepted by your president, G. G. Wear, to purchase 80 shares

of the capital stock of your company for the sum of $2,000, upon which contract I paid the sum of $100, and received the first delivery of stock, 25 shares. On account of sickness in my family I desire to withdraw, and hereby release your company on account of said agreement.    ·    (Signed) F. W. HILL.''

In the progress of the trial and during the examination of G. G. Wear, the following took place:

"Counsel for plaintiff: I have a record of the corporation which I wish to show the witness. It is a record of meeting of the board of directors.

"The court: Is that a record of a meeting of your corporate directors? Witness: Yes, sir.

"*Q.* In whose handwriting is that? *A.* That is in my handwriting.

"*Q.* Read the proceedings of the meeting of the third of June.

"The court: Is there any point in this which was not authorized by the company? Counsel for plaintiff: Yes, sir. (Stock-book shown witness.)

"Counsel for defendant: I object to it for one reason, the minutes are incomplete, the minutes don't show who were present, it is not the minutes of a meeting, that is made by G. G. Wear. It doesn't show that any of the board of directors were present, or anybody but himself.

"The court: Were those minutes the minutes of that directors' meeting? *A.* Yes, sir.

"*Q.* Who was present at that meeting? *A.* I was present, my wife and daughter, three directors.

"*Q.* How many directors were there? *A.* There were four directors.

"The court: The minutes may be read."

Counsel for defendant then and there duly excepted to the ruling of the court. Witness then read the following minutes:

"St. Louis, June 2nd, 1896.

"At a called meeting of the St. Louis Rawhide Mfg. Co., held at 3533 Lindell Avenue this day, a quorum being present. The president submitted to the meeting the condition of the business of the company and the pressing need of more working capital, and submitted a. proposition from Mary Wear to transfer to the treasury of the company eighty shares of the capital stock, to be disposed of and used exclusively as working capital, conditionally that she be released from the payment of her note dated March 13, and payable May 1, 1896, for $1,000. This proposition was accepted and agreed on, the transfer of said eighty shares to the stock of the treasury of the company, said note and indebtedness shall be canceled. A proposition was also submitted from F. W. Hill offering to purchase the eighty shares of stock at $25 per share, to be used as a working capital for the business of the company, which proposition was accepted, and the president was directed to furnish Mr. Hill with a true and correct statement of the condition of the company. There being no further business before the meeting, an adjournment was moved and carried."

We have no statute prescribing what the minutes of the meetings of board of directors of a private corporation shall contain or show. In the absence of such a statute it appears upon authority that such an omission as appeared in these minutes may be supplied by parol. *R. R. v. Parish of Ouchita*, 11 La. Ann. 649. The minutes thus supplied by the oral testimony were admissible as evidence (R. S. 1889, sec. 2532), and the resolution of the board shows Wear was authorized to make the deal with Hill for the sale of the eighty shares of the stock,

PRIVATE corporation: omission in minutes of board: parol evidence supplying: admissibility.

or that the offer of Hill, as reported by Wear to the board, was approved. It shows the further fact that to provide the shares to be transferred to Hill, Mrs. Wear in effect agreed to sell eighty shares of stock, held by her, to the corporation, in consideration of the cancellation of her note of $1,000 held by the corporation. Unless the authority is conferred by charter, the weight of authority in both this country and England seems to be that a corporation can not buy and sell its own stock. 2 Thompson on Corporations, sec. 2054, and note 2; *Adams & Westlake Co. v. Deyette*, 49 Am. St. Rep. 887; *Gill v. Balis*, 72 Mo. 424; *Clapp v. Patterson*, 104 Ill. 26.

*CORPORATION: power to buy and sell its own stock: rule: exception.*

The assets of a corporation are expressed by its certificates of capital stock. These assets of whatever they may consist are available to meet the demands of creditors. To permit the corporation to buy in its own stock, would permit it to take a corresponding amount of assets and distribute them among the stockholders and thus reduce its capital to the prejudice of creditors. But it seems that where a corporation buys in its stock for the purpose of saving a debt and with a view of reissuing the same, or under circumstances where the transaction is fair on its face, is not tainted with fraud, and is clearly to the interest of the corporation, the transaction will be upheld, unless prohibited by its charter. 2 Thompson on Corporations, secs. 2062, 2068, and 2069, and cases cited in note 2. *Chitland v. Ins. Co.*, 86 Ill. 220; *Eggman v. Blanke*, 40 Mo. App. 318 (under laws of Illinois); 1 Morawetz on Private Corporations, secs. 114 and 434.

The transaction in this case as shown by the minutes of the corporation and the testimony, was to acquire by the corporation eighty shares of its stock in

consideration of its surrender of an overdue note for $1,000, and to re-sell these certificates for $2,000 cash. The transaction, had it been carried out, would have benefited both the corporation and its creditors, and must be held to come within the exception of the rule that a corporation can not buy and sell its own certificates of stock. The evidence supports the finding of the trial court. Objections were made and exceptions saved to the admission of testimony in support of the PLEADING: evidence: competency: presumption. second count of the petition. These objections should have been sustained 'for the reason, if for no other, that the second count failed to state a cause of action. But we are bound to presume, in fairness to the trial judge, that his finding was on the first count, and that the second count was not considered by him. It follows that the appellant was not prejudiced by the hearing of the incompetent testimony.

The agreement as alleged was that the defendant would pay $2,000 for eighty shares of stock. The payment of the money and delivery of the SUIT for contract price of stock: pleading: evidence. stock under this contract were to be simultaneous acts. The plaintiff avers a tender of the stock and demand of the agreed price before the institution of the suit. Wear's testimony tends to prove this averment. Hill, by his letter of August 14, notified the corporation that he would not carry out the contract. On the receipt of this letter the corporation might have at once begun suit against Hill for a breach of the contract without averring an offer or readiness on its part to perform its part of the contract by having the remaining shares of stock for transfer and delivery. *Mfg. Co. v. McCord*, 65 Mo. App. 507. But it did not do this. It brings its suit for the contract price of the shares, and avers its readiness to comply with its part of the contract. To enforce the

contract against Hill this averment of readiness to comply was essential, and proof of its ability and readiness to comply was necessary on the trial to entitle it to recover. No such proof was made or offered. The evidence nowhere shows that plaintiff had at any time transferred the certificates of stock to Hill on its stock books or otherwise. No offer was made to produce the necessary certificates in court to be transferred to the defendant on the trial, or at all. The plaintiff had issued certificates of the full par value of its authorized capital. The certificates which the defendant was to receive were to be either transferred from Mrs. Wear to defendant or canceled and new certificates issued in lieu of them to Hill. It does not appear that either was done. It does not appear that Mrs. Wear at any time transferred her certificates to Hill or to the plaintiff. It appears only that she agreed to surrender them to the corporation to be transferred or re-issued to Hill. The plaintiff did not show, or offer to show by proof, that it is able or willing to comply with its part of the contract with Hill. Whether or not it is in a condition to carry out its contract by transferring to Hill the additional fifty-five shares of stock is left, so far as the record discloses, to conjecture. By the judgment Hill is required to pay for these fifty-five shares of stock, which he has not received, which have not been transferred to him by the corporation, which the corporation may not have on hand ready to transfer, and which so far as the evidence discloses it may be unable to acquire for transfer and delivery. In this state of the pleading and evidence we think the judgment is erroneous and should be reversed and the cause remanded. It is so ordered. All concur.