# SCHOOL DIRECTORS
## v.
## RUBY KIMMEL.

*Schools—Master and Servant—Contract of Service—Teacher—Breach by Anticipation by Employer—Failure of Clerk to Note Proceedings of School Board—Parol Evidence—Instructions—Damages—Execution.*

1. Upon the failure of the clerk of a school board to make a minute of its action upon the official record, with reference to the employment of a teacher, parol evidence is admissible to prove what took place.

2. In an action brought to recover damages for the breach, by anticipation, by a board of school directors, of a contract entered into by them with a teacher, this court declines to review the action of the trial court in overruling defendants' demurrer to the declaration, and holds that such action can not be reviewed upon motion in arrest of judgment, the defendants having pleaded over and gone to trial.

3. The rule of damages in such case is, *prima facie*, the wages agreed to be paid, less what plaintiff might, by the exercise of reasonable diligence, have earned, or actually did earn in the same line of employment, and the burden of showing what plaintiff did or might have earned is on the defendant.

4. Where the trial court improperly awards an execution, such order may be reversed, without a reversal of the judgment.

[Opinion filed November 8, 1889.]

APPEAL from the County Court of Jackson County; the Hon. W. W. BARR, Judge, presiding.

Mr. WILLIAM A. SCHWARTZ, for appellant.

It will be seen the declaration leaves out the range, which the statute makes one of the requirements to a suit where a school district is a party, either plaintiff or defendant. With the range left out no court can judicially know whether the district is in range 1, 2, 3, 4 or 5 of Jackson county. The fact that the names of the directors are mentioned can not help the omission, or locate the district, for the reason that the individual names of the directors are surplusage, and the corporation is the defendant. Botkin v. Osborne, 39 Ill. 107; Shoudy v. School Directors, 32 Ill. 290.

The statute in such case must be observed, although it may seem to be a trifling matter, for school districts are creatures of the statute, and the statute must be followed. School Directors v. Jennings, 10 Ill. App. 643; Clark v. School Directors, 78 Ill. 474.

The demurrer should have been sustained for another reason, which is, the declaration does not aver the alleged employment of appellee was at a regular or special meeting of the board of directors. The statute provides the board of directors shall hold regular meetings at such times as they shall designate, and they may hold special meetings as occasion may require at the call of the president, or any two members, and *no official business shall be transacted by the board except at a regular or special meeting.* Starr & C. Ill. Stats., Chap 122, Sec. 43.

In School Directors v. Jennings, 10 Ill. App. 643, the court say this statute must be recognized as placing limitations upon the power of school directors to perform official acts. It is the duty of appellee by necessary averments in her declaration to bring her case within all of the statutory requirements. The position taken by appellant goes to the substance of the declaration. If the points contended for are tenable the general demurrer should have been sustained and not overruled. 1 Chit. on Pl., 661.

In Smith v. Curry, 16 Ill. 149, the court say that where it was not set out in the declaration that the plaintiff presented her certificate of qualification to the directors before the school commenced it was so fatal that the defect was not cured by verdict. To the same effect are Botkin v. Osborne, 39 Ill. 107; Casey v. Baldridge, 15 Ill. 65.

Mr. JONATHAN F. TAYLOR, for appellee.

The act of 1857 said of the teacher: "Before his employment he shall *exhibit* to said board a certificate of qualification." Sec. 52 of act of 1857.

The act of 1874 entirely changed the statute law, and subsequent decisions wholly incompatible with former decisions of the same court are still in harmony with living statute

law of the State.   The statute now says :   " No teacher shall be employed to teach  any school, under  the  control of  any board of directors, who shall not, at the time of his employment, *have* a certificate of qualification entitling him to teach." Sec. 53 of Chap. 122, Starr and C. Ill. Stats.

Therefore, under the present statute, it is only necessary to allege and  prove  that at the  time the contract was  made the teacher *had* a certificate to teach school, obtained under the provisions of law, extending to the end of the time for which the school shall last.   Stevenson v. School  Directors, 87 Ill. 255 ;  Directors v. Jennings, 10 Ill. App. 644 ;  Wells v. Daniels, 71 Ill. 532.

To us it seems clear that no reversible error arises from the rulings of the court as to the admissibility of the evidence.

. Section 42  of chapter  122, requiring  the proceedings of boards of directors to be written in a book to be kept for that purpose, and to be  signed by the  clerk and  president of the board, is only directory.   Were it otherwise, no teacher would have in his power the means  of contracting to teach school, as he would  have no power to compel the clerk to write up the proceedings in the book and sign it.   If the record be the *only* evidence admissible, a written contract, duly signed by the whole board and the teacher, at a regular meeting, would be inadmissible.   Such an idea is impracticable ; and such a rule of  law would  be revolutionary in the extreme.

Dillon on Municipal  Corporations says:   " Unless the law expressly and imperatively requires all  matters to appear of record, and makes the  record the  only evidence,  parol evidence is  admissible to prove things omitted to be  stated on the record.   Dillon on Municipal Corporations, Sec. 237 ; Bank, etc. v. Danbridge, 13 Wheat. 64.

It does not follow that while a corporation can only enter into a  contract while in regular or special session, therefore the  evidence of all  contracts must be proven by a record of the fact upon the minutes.   County of Vermillion v. Knight, 1 Scam. 101.

Corporations can be  bound by contracts, though not under

seal, by implied contracts, without a note, deed or other writing. New Athens v. Thomas, 82 Ill. 259.

Parol evidence is admissible to prove a corporate act, though it is not entered on the minutes of the proceedings of the board. Bartlett v. Board of Education, 59 Ill. 364; Ryan v. Dunlap, 17 Ill. 40.

Objections to evidence, or questions propounded which might have been obviated, must be *specifically* made on the trial, or they can not be urged on appeal or error. Royal Templars of Temperance v. Card, 111 Ill. 284.

When a demurrer to a declaration is overruled, if defendant wishes to obtain a review of the judgment of the court he must stand by his pleading in the court below; otherwise, if he pleads over, he will be precluded from assigning the judgment thereon for error. Lullman v. Barrett, 18 Ill. App. 573; Lowy v. Andreas, 20 Ill. App. 521.

REEVES, P. J. Appellee brought suit against appellants to recover for a breach of an alleged contract by which appellants hired her to teach the school in said district for a term of six months at $35 per month. She averred that she was ready and willing, and offered to perform this contract, but appellants refused to permit her to teach the school, and in consequence she had suffered damages to the amount of $210, for which sum on a trial of the cause she recovered a judgment, which appellants seek to reverse. The first error assigned is, that the trial court erred in overruling the demurrer to the declaration. As appellants pleaded over when their demurrer was overruled, we fail to see how the action of the court in overruling the demurrer can come before us for review. The second error is, that improper evidence was admitted by the trial court. This will be considered in connection with the third and fourth assignments of error, which touch the merits of the controversy, and assert that the plaintiff did not, by legal evidence, make out a cause of action. The regular monthly meeting of the board of directors of this school district was held on the 26th day of May, 1888, at the house of Mr. Lirely, one of the directors. At this meeting appellee was present, and made a personal application for

School Directors v. Kimmel.

the school. Block, one of the directors, sent to this meeting his resignation of his office. Lirely and Wiley, the other directors, were present. Their first act was to accept the resignation of Block, and order an election to fill the vacancy. Then the contract for building a new school house was let. Wiley was clerk of the board, and in the minutes kept by him, these acts only are noted. Lirely swears that after the contract for the new school house was awarded they then proceeded to consider the application of teachers. The matter was discussed, and, as he says, the proposition of appellee was accepted, and she was notified then and there that she could consider herself employed upon the terms of her proposal, school to commence the first Monday in September, and continue for six months, at $35 per month. Appellee, her father, who was also present, Charles Lirely, a son of the director, and Mrs. Ingram, fully corroborate the director, Lirely; and Mr. Freeman, who was also present, and an applicant for the school, says he got the impression that appellee was employed to teach the school. Mr. Wiley, the other director, swears that he told Mr. Lirely when the subject of employing a teacher was brought up, that he could not consent to · hire a teacher until a new director was elected to fill Block's place; that all he said to appellee was, that he "felt favorable to her application, but would not employ a teacher until a new director was elected." On the 2d day of June, 1888, Mr. Wiley wrote to appellee as follows: "I withdraw my decision in regard to your application for teaching our school, until we elect our new director and have a meeting." Under this testimony it could not be seriously contended but that the clear weight of the evidence is, that at the meeting of the directors held May 26, 1888, appellee was engaged to teach the school for the district for six months at $35 per month. But it is contended that the action of the board of directors could only be shown by the record, kept by the clerk, of the acts of the board. The provision of the statute relied on is in these words: "The directors shall appoint one of their number president, and another of their number clerk, who shall keep a record of all the official acts of the board in

a well-bound book provided for that purpose, which record shall be submitted to the township treasurer," etc.

It is shown that Mr. Wiley, who was the clerk of the board, did not have the record with him at the meeting of May 26th, and simply kept a memorandum of the action of the board at that meeting on a piece of paper, which he afterward copied into the record. He testifies that he made no minutes of action in regard to the employment of a teacher for the reason that there was no such action. The parol proof clearly establishes that there was such action, and the question to be considered is, whether his failure to make a minute of the action of himself and Mr. Lirely in this matter, will defeat the action of the board and appellee's cause of action. The statute does not make the record kept by the clerk the only evidence of the action of the directors, and unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence, parol proof is admissible to prove things omitted to be stated on the record. Dillon on Municipal Corporations, Sec. 237. While a corporation can only enter into a contract at a regular or special session of its board of directors, it does not follow that only the record of the proceedings kept by its clerk can be used as evidence to prove that a contract was entered into. County of Vermillion v. Knight, 1 Scam. 101; Bartlett v. Board of Education, 59 Ill. 364; Ryan v. Dunlap, 17 Ill. 40.

The fifth error assigned is, the overruling of the motion in arrest of judgment. Having demurred to the declaration, and thereby invoked the judgment of the court as to the sufficiency of the declaration, and that judgment having gone against the defendant, and then he pleaded over, he can not afterward, by a motion in arrest of judgment, have the former judgment of the court reviewed by the court. Tidd's Practice, 918. 1 Strange, 425–6; Taunton, 650; 2 Marsh (S. C.), 326; 6 Moore, 209; Express Co. v. Pinckney, 29 Ill. 405; Quincy Coal Co. v. Hood, 77 Ill. 68; Independent Order of Mutual Aid v. Paine (Ill.), 14 N. E. Rep. 42. In the last case the court say: " There is probably no principle of law more elementary in its character or better established than that such motion is

School Directors v. Kimmel.

not available under the circumstances stated," which were that there was a demurrer to the declaration, demurrer overruled, defendant pleaded over, trial and verdict for plaintiff, and a motion in arrest on account of the insufficiency of the declaration. We know of no authority denying this to be the rule or holding that there is any exception to it, except the case of People ex rel. Webber v. Springs Valley, Ill., 21 N. E. Rep. 843. In that case, after stating the rule as above, it is added: "But if the declaration be so fatally defective as not to support the judgment, that may be availed of by a motion in arrest, or on error, even after a demurrer thereto has been overruled and the defendant has pleaded over." The case before us does not come within the stated exception. Had defendants stood by their demurrer when it was overruled, they could then have brought the case to us in such condition that we could have examined and determined the sufficiency of the declaration. By pleading over they waived that question. Complaint is made of the amount of the recovery. This is a suit for a breach of a contract of hiring, where the employe was not permitted to enter upon the performance of the contract. The rule is in such a case, that the wages agreed to be paid is, *prima facie*, the measure of recovery, but this may be reduced by the defendant showing what the plaintiff actually earned, or might have earned by reasonable diligence in seeking work in the same line of employment. Howard v. Daly, 61 N. Y. 362; Polk v. Daly, 14 Abb. Pr. N. S. (N. Y.) 156; Costigan v. Mohawk Valley R. R. Co., 2 Davis, 609; Wood's Master and Servant, 238; Brown v. Board of Education, decided at February term, 1888, of this court. There is nothing shown by defendant's testimony in this case that would reduce the *prima facie* measure of recovery. The trial court, after the entry of judgment, awarded execution against defendant. This was error, which can be corrected by a reversal of the order awarding execution, which is done, and the judgment as it will stand with the order for execution reversed, is affirmed.

*Judgment affirmed.*