## CITY OF CALIFORNIA, Respondent, v. THE BUNCETON TELEPHONE CO., Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **MUNICIPAL CORPORATIONS: Telephone Franchise: Royalty: Ordinance: Acceptance.** The plaintiff city under its charter had authority to pass an ordinance selling a telephone franchise within the corporate limits to the highest bidder, and a written acceptance by such bidder binds the parties thereto. The purchaser's bond is a sufficient acceptance.

2. ———: **Passage of Ordinance: Acceptance: Objection.** Objections to the validity of an ordinance by one who has received its benefits and still operates under it, comes with ill grace.

3. ———: **Telephone Franchise: Other Franchises.** It is immaterial to one paying for non-exclusive franchise within a city according to his agreement, that other persons may enjoy like franchise without charge.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*C. M. Gordon* and *S. C. Gill* for appellant.

(1) "No city . . . or other municipal corporation shall make any contract unless the same shall be within the scope of its powers or be expressly authorized by law, . . . and such contract including the consideration, shall be in writing dated when made and shall be subscribed by the parties thereto or their agents, authorized in writing." R. S. 1899. sec 6759; Kirkwood v. Meramec Highlands Co., 94 Mo. App. 637; Savage v. Springfield, 83 Mo. App. 323; Keating v. Kansas City, 84 Mo. 419; Crutchfield v. Warrensburg, 30 Mo. App. 456; Perkins v. School District, 99 Mo. App. 483; Green v. Cole, 103 Mo. 70; Cockrell v. McIntyre, 161 Mo. 59; Taylor v. Van Schraeder, 107 Mo. 206. (2) Either party may repudiate contract when not legal. Kirkwood v. Meramec Highlands Co., 94 Mo. App. 637. Void contract with municipal corporation can not be ratified. Savage v. Springfield, 83 Mo. App. 323; Crutchfield v. Warrensburg, 30 Mo. App. 456; Keating v. Kansas City, 84 Mo. 419; Perkins v. School District, 99 Mo. App. 483; Schell City v. Mfg. Co., 39 Mo. App. 264. Estoppel cannot be invoked. Wheeler v. Poplar Bluff, 149 Mo. 36; City to use v. Eddy, 123 Mo. 546. (3) Municipal corporations can contract only by ordinance, and their acts can only be evidenced by ordinance duly passed. Hisey v. Charleston, 62 Mo. App. 381; Mfg. Co. v. Schell City, 21 Mo. App. 175; Thrush v. Cameron, 21 Mo. App. 394; Wheeler v. Poplar Bluff, 149 Mo. 45; Reed v. Mexico, 101

Mo. App. 161; R. S. 1899, sec. 5955; Graham v. Carondelet, 33 Mo. 268; Light & Water Co. v. Lebanon, 163 Mo. 254; (4) Telephone companies, incorporated under provisions of article 6, of Revised Statutes of 1899, had a right to set poles, piers, abutments and fixtures, along or across public roads and streets, prior to amendment of section 1251, Revised Statutes of 1899, by Session Acts of 1903, page 138, without the grant of a franchise from city. R. S. 1899. sec. 1251; State ex rel. v. Flad, 23 Mo. App. 185. (5) A bond given to secure performance of contract which city had no authority to make, is without consideration, and void. Kirkwood v. Meramec Highlands Co., 94 Mo. App. 637. (6) Attempting to charge one company a certain per cent for use of its streets, and permit another company to use same without charge is a discrimination, and against public policy. Rothschild v. Railway, 15 Mo. App. 245; Wire Co. v. Bridge & Tunnel Co., 38 Mo.App. 191; Christie v. Railway, 94 Mo. 458.

*N. C. Hickcox*, City Counselor, with *Moore & Williams* for respondent.

(1) There was a valid sale of the telephone franchise to defendant company. Plattsburg v. Telephone Co., 88 Mo. App. 306, and citations. (2) Whether or not there was a written contract in a single instrument, as the evidence of Mr. Cramer seems to indicate, we do not know, but without such separate instrument the contract was complete when the defendant filed its bond, which was an acceptance of the terms of the ordinance, providing for the sale of the telephone exchange franchise by the city. Water Co. v. Aurora, 129 Mo. 578, and citations; Fry, Spec. Per. (3 Ed.), sec. 520; Ib. sec. 270, 529; Salens v. Neosho, 127 Mo. 637; Stephens v. City, 36, L. R. A. 777. (3) This contract required no tax to be levied, and under the special charter, the city council could contract to sell the franchise without any vote of the electors. It had full control of its streets. Plattsburg

v. Telephone Co., supra, and citations; St. Louis v. Telephone Co., 148 U. S. 92, 149 U. S., 465. (4) The written contract may be made out by referring to several writings. Varnish Co. v. Lenick, 2 L. R. A. 212 and citations; Freeland v. Ritz, 12 L. R. A. 561. (5) The defendant company having accepted the benefits and emoluments of the California telephone exchange franchise, is now estopped from claiming the grant as invalid on technical grounds as to alleged defects in the making of the contract as to it. It is an executed contract. St. Louis v. Davidson, 102 Mo. 157; Goodland v. Bank, 74 Mo. App. 365. "A man who has enjoyed a privilege has no right to say, that because he ought not to have enjoyed it, he will not pay for it."

ELLISON, J.—This is an action for five per cent of the gross receipts of the defendant telephone company. The judgment in the trial court was for the plaintiff city. The cause was tried by the court without the aid of a jury and as the finding made by the court contains a clear statement of the facts upon which the cause of action is based, we herewith produce it, to-wit:

"The court finds that the plaintiff is a municipal corporation located in Moniteau county, Missouri, by an act of the General Assembly of said State, duly passed and approved February 2, 1872; that the defendant is a private corporation duly organized under the laws of said State, and has its principal business office at Bunceton, Cooper county, Missouri, and that it has no office in Moniteau county, Missouri, that plaintiff corporation has control of its streets, and the right to regulate the use thereof; that it has the control and right to sell and dispose of franchises used in said plaintiff city, which includes telephone franchises.

"That plaintiff, through its officers and agents, on the 7th day of June, 1898, passed an ordinance, which was thereafter duly approved by the mayor of plaintiff, granted a franchise of fifteen years to the company that

purchased same, and therewith the right to construct a telephone exchange in said city and to place poles and wires in the streets and alleys of said plaintiff city, and operating and conducting said exchange and telephone system; that notice of sale of such franchise was given on the 14th day of July, 1898, the defendant purchased said franchise by and through its agent, A. B. McDavid, and at said sale agreed to pay five per cent of the gross receipts of said telephone exchange after the same should be in operation in said city, for the privilege and franchise aforesaid, the plaintiff accepted the bid of five per cent of such gross receipts and awarded the said franchise to the Bunceton Telephone Company aforesaid: that defendant thereupon entered into a good and sufficient bond in the sum of two thousand and five hundred dollars payable to said plaintiff if said telephone lines and exchange were not placed in said city in accordance with the terms of said ordinance and purchase; that said defendant put up the poles and wires and put in said telephone exchange, and caused the same to be operated and telephone service thereby to be rendered in said plaintiff city.

"That defendant after the construction of said exchange and telephone system in said city leased same to one A. B. McDavid; that the five per cent gross receipts of said exchange were paid by defendant to said city up to the first day of January, 1903; that defendant received thirty-five per cent of such gross receipts for rental and that defendant on the 21st day of October, 1903, sold and conveyed said telephone exchange, lines, wires, poles, arms and 'phones and other property to one J. O. Kemper for the price and sum of ———dollars; that the bond above mentioned included in its terms a written acceptance of the provisions of said ordinance; that defend-made semiannual statements of the gross receipts of said exchange to said city at the end of the months of December and June of each and every year, up to the end of December, 1902; that defendant has failed and refused to

make any statement of the gross receipts from the first day of January, 1903, although the plaintiff has frequently demanded such statement; that the monthly receipts of said telephone company from the operation of said telephone exchange is one hundred and fifty dollars per month. That the defendant has not paid the five per cent during the period commencing January 1, 1903, to October 21, 1903; that defendant is indebted to the plaintiff on account of receipts during said period of $1,450 in the sum of seventy-two dollars and fifty cents, the same being five per cent of the gross receipts."

It thus appears that the city passed an ordinance authorizing the sale of the privilege of constructing and operating a telephone plant and business in such city. This we regard it had ample power and authority to do under its special charter approved February 2, 1872, and found in the session acts of that year. This ordinance with the subsequent proceeding thereunder, the purchase by the defendant for the agreed per cent of gross receipts and the acceptance of the same by defendant by giving the bond which was filed under the provisions of the ordinance, constituted a sufficient writing and acceptance by the party to be charged to fulfill all requirements of the statute. The case of Perkins v. School Dist., 99 Mo. App. 483, has no application. We regard an ordinance on the part of the city and a written acceptance thereof on the part of the other contracting party as a compliance with the provisions of the statute (Revised Statutes 1899, section 6759) requiring contracts with cities and counties to be in writing. In our opinion the bond executed in behalf of defendant was a sufficient acceptance in writing to satisfy the statute. The general power of the city to take the action had in this case of letting the right for the construction and operation of a telephone company within its limits to such party as would secure the right at a public bidding of so much of its gross receipts, was considered by us in the case of Plattsburg v. Peoples' Telephone Co., 88 Mo. App. 306.

We refer now to that case for the reasons upon which we base our decision.

But many technical objections have been urged by appellant against the judgment rendered. Among others, is one as to the validity of the enactment of the ordinance. We regard that it was properly enacted under the charter of the city. But it seems to us that objections to the ordinance which defendant accepted, and of which it has received the full benefit, and with which it rendered full compliance, and under which it still operates, comes with ill grace from the party thus acting.

It is among defendant's objections that other companies have been given the privilege of using the streets for telephone purposes without charge. It need only be said of this that, there was no attempt or agreement to give defendant an exclusive right to the operation of a telephone. We therefore do not see that it can make any difference to defendant under its contractual rights that other telephones are allowed to operate without paying a per cent of their earnings to the city.

We are satisfied that the judgment was for the right party and hence affirm it. All concur.