W. B. ROSE, Respondent, v. WILLIAMSVILLE, GREENVILLE & ST. LOUIS RAILWAY CO., Appellant.

St. Louis Court of Appeals, December 14, 1909.

1. MASTER AND SERVANT: Contracts: Employment: Relinquishment of Certain Duties Not Modification. Plaintiff was employed for a year as general manager and treasurer and to serve as a director of defendant railroad company at a specified salary. After serving part of the term, the control of defendant corporation passed into other hands, and plaintiff was relieved from the duties of treasurer and director, but continued as general manager, and was at all time willing to fill both offices, and neither party regarded the directorship as an essential part of the original employment. *Held*, plaintiff's resignation of the office of treasurer and director did not constitute the making of a new contract so as to authorize his discharge before the end of the original term at defendant's election.

2. ———: ———: ———: Discharge of Employee Without Cause: Recovery of Salary. Unless defendant had good cause to discharge plaintiff, he should recover the entire compensation agreed to be paid, just as he might have done if he had performed his duties, both as general manager and treasurer, for a year, under the principle that where the obligee in a contract waives or prevents performance by the obligor, the latter may recover on the contract as though he had complied with it.

3. INSTRUCTIONS: Error in Favor of Appellant: Harmless. Where the error in an instruction is against, and not in favor of respondent, it is not prejudicial error against appellant.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

AFFIRMED.

*E. H. Gamble* for appellant.

(1) Error of the court in instructing the jury that if they believe from the evidence that in pursuance of

the contract pleaded the plaintiff entered into the employment of the defendant as general manager and treasurer and continued until the 8th day of July, 1907, to discharge all the duties of general manager and treasurer, and that the defendant thereupon, without just cause, discharged him from said employment, then the jury should find the issues for the plaintiff, because the undisputed testimony of the plaintiff is to the effect that he did not discharge the duties of either treasurer or director up to July 8, 1907, but that on the contrary he voluntarily relinquished those offices on April 30, 1907, and hence there was no evidence in the record to support the instruction and the giving thereof was erroneous. Stephen v. Metzger, 95 Mo. App. 609; Banker v. Goodwin, 102 Mo. App. 723; Meily v. Railroad, 107 Mo. App. 466; Chandler v. Railroad, 111 Mo. App. 609; Burton v. Railroad, 111 Mo. App. 617; Hauck v. Railroad, 116 Mo. App. 559; Harrison v. Lakeman, 189 Mo. 581. (2) Although a party may change or modify the terms of a written contract by a subsequent agreement, yet when this has been done, he must declare upon the agreement as modified. Yeats v. Ballentine, 56 Mo. 530; Eyerman v. Cemetery Association, 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Lanitz v. King, 93 Mo. 513; Const. Co. v. Iron Works, 169 Mo. 137; Mohney v. Reed, 40 Mo. App. 99; Harrison v. Railroad, 50 Mo. App. 332; West v. Freeman, 76 Mo. App. 96; Hayes v. Bunch, 91 Mo. App. 467. (3) Defendant had the right to discharge plaintiff because no express contract of employment existed at the time of his discharge. And where the employment is for an indefinite period, the employee may be discharged at any time. Booher v. Med., etc., Co., 8 Mo. App. 553.

*Frank E. Richey* and *Campbell Allison* for respondent.

(1) The demurrer to the evidence was properly overruled. The petition alleged the contract whereby

the respondent agreed to act as general manager, treasurer and director of the appellant company for the period of one year; that he performed the duties imposed upon him by that contract as an employee of the appellant "And as required of him to do by the defendant" at the agreed salary of $250.00 per month. The evidence clearly established that the performance of the duties of treasurer were not "required" by the defendant after April 30, 1907, and the jury were instructed that in order to find for the respondent that "They must believe from the evidence" that the respondent performed all the duties "required of him as said general manager and treasurer," and the evidence supported the averment of the petition.    Lumber Co. v. Warner, 93 Mo. 275; Price v. Vanstone, 40 Mo. App. 207; Toppass v. Kellogg Co., 74 Mo. App. 402.    (2) The contract set out in the petition was not, in fact, modified by the respondent's relinquishment, for the convenience and benefit, and at the request of the appellant, of the office of treasurer, and the action of the appellant in paying the same salary for the services of the respondent for each of the two months after the respondent ceased to be treasurer, that was paid for each month prior to his resignation, shows that it was not the intention of the parties that the resignation of the respondent should be regarded as having, in any way, modified the contract between the parties, but that it was agreed that it should be taken and understood that the respondent had fully performed the duties of treasurer.    This is on the ground that proof of waiver in such a case is not an excuse for non-performance, but of performance within the meaning of the condition.    Pierce City v. City, 61 Mo. App. 471; Russell v. Insurance Co., 55 Mo. 585; Steam Heating Co. v. Bissell, 41 Mo. App. 426.

GOODE, J.—On January 18, 1907, J. T. Long, president of the Williamsville, Greenville & St. Louis Rail-

way Company, and acting for said company, addressed
a letter to plaintiff wherein he asked plaintiff to be-
come "general manager and treasurer and to serve as
director" of said company. The letter said plaintiff
should assume full control of the railway, have power to
employ men in all departments and dismiss any em-
ployee plaintiff deemed inefficient; that as treasurer
all moneys of the railway company accruing from earn-
ings and other sources, should be remitted to plaintiff at
St. Louis, and accounted for by him to the president.
Plaintiff was to give a bond for the faithful performance
of his duties and was to be paid $250 a month with
necessary expenses. It was further said plaintiff, be-
sides rendering the services stated, was to furnish free
to the railway company, all the available office room in
rooms 508 and 509 Granite Building, in St. Louis;
further, that plaintiff should have the privilege of man-
aging the business of the W. B. Rose Supply Company.
If the agreement proved unsatisfactory to plaintiff, he
should have the right to resign at any time by giving
thirty days' notice, and at the expiration of the period
waive all further demands for salary; otherwise the con-
tract should remain in full force for the entire time stipu-
lated, or for one year from January 18, 1907. On the
day the proposal was made, plaintiff accepted the same
by letter addressed to J. T. Long, as president of de-
fendant, in which plaintiff reiterated the terms that had
been stated to him. Thereafter plaintiff entered upon
the discharge of his duties as general manager and treas-
urer of the railway company and as director. On the
day the contract was made, the board of directors met,
chose plaintiff second vice-president of the company,
approved his appointment by the president as general
manager, and recited: "The position of general man-
ager being accepted by him (Rose) in writing, such
written acceptance being accepted by the directors as
the terms and conditions on which he accepted said
position." Plaintiff performed the duties of the of-

fices, keeping treasurer's books in St. Louis and the treasurer's account in the National Bank of Commerce in said city. Toward the close of April, 1907, other parties acquired a controlling interest in the railway company and requested plaintiff to turn over his account as treasurer to the purchasers of said interest, they being Kansas City parties and wishing to keep the funds in Kansas City. At the written request of the purchasers, plaintiff on April 30th resigned his position as second vice-president and treasurer, and a few days afterwards, or May 3d, received a letter from the president praising and thanking him for the excellent manner in which he had kept the books and accounts, and expressing regret at the change in the office. Plaintiff continued to act as general manager until July 8th and defendant to pay him the same salary of $250 a month until July first, or for two months. On July 8th defendant, through C. H. Smalley, its then president, addressed a letter to plaintiff requesting him to tender his resignation as general manager, and this not having been tendered on said day, he was notified in writing on the same day that he was discharged and had no further connection with the road in any capacity. The purpose of this action is to recover the salary alleged to be due under the original contract of employment from July 1, 1907, for the remainder of the year, which would expire January 18, 1908, and also to recover an expense plaintiff had incurred for the company for the use of a telephone during the month of June, and the expense of a trip made upon business of the company. The petition alleges the contract of employment according to its terms, that plaintiff assumed the duties imposed on him under the contract, became general manager and treasurer, performed the duties and obligations imposed on him by the contract and continued to perform them until July 8, 1907, when he was discharged without just cause and prevented from further performance; alleges defendant had paid him $1350 in accord-

ance with the terms of the contract and alleges a balance due of $1741. The answer admitted the discharge of plaintiff as general manager on July 8th, and denied every other averment of the petition; alleged plaintiff's employment was for an indefinite period, terminable at the will of himself or defendant, and with no agreement as to salary, except an implied one arising from the fact of employment; denied plaintiff performed the duties and obligations imposed on him or that he had been discharged without just cause; denied he performed any duty or obligation imposed on him as an employee of defendant, and alleged it had just cause for his discharge; and though denying the existence of the contract set up in the petition, averred if it did exist, defendant was entitled to discharge plaintiff on the following grounds: That he was constantly drunk and was thereby rendered worse than useless to defendant; was absent from his office to the gross neglect of his duties; managed the business of defendant company with the design to render defendant insolvent and force it to sell its railroad at a sacrifice to a syndicate to be composed of plaintiff and others; if he had not been discharged would have carried out such intent to defendant's great injury; alleged plaintiff attempted certain steps toward carrying out said intention; slandered defendant's credit; told an officer of the Bank of Commerce of St. Louis of his purpose to force a sale of the road and buy it in, and endeavored to induce said officer to become a member of the syndicate which would make the purchase; told him defendant would soon become insolvent and all the officers and stockholders were insolvent and incompetent to manage its affairs; declared to an attorney of the company the same things and also his intention to acquire the property; declared the same purpose and intent to another person who is named in the answer. In reply a general denial was filed. Evidence was introduced pro and con on the issues made by the pleadings, the case was submitted to the jury upon

instructions, a verdict was returned in plaintiff's favor, assessing his damages at $1657.16, and defendant appealed.

At the conclusion of the evidence for plaintiff and of the entire evidence, defendant requested the court to direct a verdict in its favor, but the request was denied. Error is assigned for that refusal, and also because the court refused to instruct the jury at defendant's request the verdict should be in its favor unless the jury found from the evidence plaintiff had performed the duties of general manager, treasurer and director up to the time of his discharge. Error is assigned also because the court submitted the case on instructions requested by plaintiff. The main instruction for plaintiff recited the substance of the contract of employment, which was not in dispute, told the jury if they believed plaintiff entered into the employment of defendant as general manager and treasurer, continued to discharge all the duties required of him in those positions until July 8, 1907, defendant paid him $250 a month therefor only until July 1, 1907, and if the jury further believed that on July 8th defendant, without just cause, discharged plaintiff from its employment, that while acting as general manager plaintiff had paid a certain sum to the telephone company for services rendered defendant, had also laid out a certain sum in payment of expenses incurred in making a trip for defendant, and had not been paid either of said sums, in such case the issues should be found for plaintiff. For defendant the court instructed it was plaintiff's duty to render faithful services to defendant and to discharge his duties loyally and to the best of his ability, and if the jury found plaintiff failed in said duties by being so drunk as to impair the value of his services, or neglected his duties as general manager by being absent and attending to other matters, so the value of his services was grossly impaired, or harbored the intent to use his office to injure defendant by running it into debt and

forcing a sale of the road for his personal gain, or gave publicity to tales that defendant was insolvent and its management was incompetent, or had disparaged defendant with intent to injure it, the verdict should be for defendant. Further, that drunkenness on the part of plaintiff was a justification for his discharge without regard to the contract of employment, if the intoxication was of such a nature and carried to such an extent, as to interfere with the performance of his duty and impair his efficiency as general manager, or in retaining control and respect of the employees or of the general public. The substance of those instructions was repeated in two or more phases.

1. The main defense relied upon is that the original contract between plaintiff and defendant had been modified and plaintiff should have declared upon the modified agreement instead of the original one. The supposed change in the contract is founded on plaintiff's ceasing to be director and treasurer of the company on or about April 30th, and remaining general manager. It is insisted his resignation of the offices of treasurer and director, pursuant to the request of the company after it had passed under new control, constituted an alteration of the first agreement and, in effect, a new contract which superseded the first one. Hence counsel for defendant contend the rule of decision followed in Lanitz v. King, 93 Mo. 513, and other cases of that type, controls, and plaintiff should be denied recovery because he did not count on the altered contract; also because, if he had counted on it, the original contract having been superseded, he was only general manager at the will of defendant, and subject to discharge at any time; therefore could not maintain an action for salary after his discharge, on the modified agreement. This argument is fallacious. In no just sense was there a modification of the original contract by mutual agreement, as there was in Lanitz v. King, and cases like it; but plaintiff was relieved by defendant of his duties

as director and treasurer of the company. Indeed, so far as the directorship was concerned, neither party had regarded it as an essential part of the original employment. We suppose plaintiff was appointed director to enable him more effectively to perform his duties as general manager and treasurer. Plaintiff was at all times ready and willing to fulfill the duties of both those offices, but defendant chose, on April 30th, for ends of its own, to dispense with his services as treasurer; in other words, plaintiff stood ready to perform his contract in full, but full performance was prevented by defendant. Under those circumstances and unless defendant had good cause to discharge plaintiff, as alleged in the answer, we know of no principle of law which will prevent him from recovering the entire compensation agreed to be paid, just as he might have done if he had performed his duties both as general manager and treasurer for a year. Where the obligee in a contract waives or prevents performance by the obligor, the latter may recover on the contract as though he had complied with it. [Little v. Mercer, 9 Mo. 218; Williams v. Bank, 2 Peters 102.] That doctrine governs this case if plaintiff was not derelict in the matters stated in the answer, and the jury must have found he was not.

2. An error occurred in the main instruction given for plaintiff in requiring the jury to find he continued to act as general manager and treasurer until July 8th. He is conceded to have ceased to be treasurer two months or more before said date. But this error was one against instead of in favor of plaintiff, and simply exacted as a prerequisite to recovery a superfluous finding, i. e. that he had served as treasurer as well as general manager to July 8th, whereas he was entitled to a verdict if he served as general manager to the date the company discharged him. This mistake was not prejudicial to defendant and the propriety of the verdict is unaffected by it.

What we have said covers the assignments of error, and as none of them is well taken, the judgment will be affirmed. All concur.