REBA EDWARDS, RESPONDENT, v. SCHOOL DISTRICT NO. 73 OF CHRISTIAN COUNTY, APPELLANT.*

In the Springfield Court of Appeals.   Opinion filed September 3, 1927.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 299, n. 71; Contracts, 13CJ, p. 239, n. 10; p. 651, n. 57; School and School Districts, 35Cyc, p. 1082, n. 33; p. 1097, n. 57, 65; p. 1105, n. 46.

*G. Purd Hays* for appellant.

48

*Omer E. Brown* and *Page & Barrett* for respondent.

.BRADLEY, J.—This is an action by a teacher for damages for the breach of an alleged contract to teach a school. The cause was tried before the court without a jury and plaintiff recovered judgment for $560, the contract price, and defendant appealed.

Plaintiff is a teacher and alleges that she had a contract with defendant district to teach an eight months term of school at a salary of $70 per month and that defendant breached this contract by re,fusing to permit her to teach the school. Two propositions are presented by defendant, viz.: (1) Did plaintiff have a valid contract? and (2) if so, was the suit prematurely filed?

Plaintiff, respondent here, makes the point that there is nothing here for review except the record proper. This contention is based upon the fact that the bill of exceptions was not filed during the term at which judgment was rendered and no leave granted at the judgment term to file a bill of exceptions. In other words, it is contended that in order to preserve for review matters belonging in a bill of exceptions the appellant must either file the bill at the judgment term or get leave at such term to file, and that where neither of these steps is taken there is nothing for review except the record proper.

This cause was tried, judgment rendered, motion for a new trial filed and overruled and appeal taken, all at the September term, 1926. The bill of exceptions was filed at the January term, 1927. No leave was asked or granted at the judgment term to file a bill of exceptions.

A bill of exceptions may be filed at any time before the appellant is required by the rules of the appellate court to which the appeal is taken to serve the abstract of the record, and it is not a necessary prerequisite that the trial court grant leave to file during the term at which the exceptions were taken. [Sec. 1460, R. S. 1919; State ex inf. v. Sweaney, 270 Mo. 685, 195 S. W. 714; State ex rel. v. Hartmann, 278 S. W. (Mo. App.) 1045.]

Did plaintiff have a valid contract? April 2, 1926, plaintiff, a legally qualified teacher, made written application to the board of directors of defendant school district for a position as teacher in the district and specified the length of the term and the salary desired, to-wit, $70 per month. April 10th thereafter defendant's board of directors in session made this order of record: "Board of Directors met April 10, 1926, District No. 73, County of Christian and State of Missouri, and agreed on Reba Edwards for teacher for the term of eight months starting the first Monday in August, second day, for seventy dollars per month." In addition to placing the order of record the directors signed a separate written paper which was a copy of the order placed of record.

May 25, 1926, Walter Wilcox, president of the board, notified plaintiff by registered mail that the board was not going "to hire

you to teach this school for the coming term." May 29th thereafter the board met and by an order of record attempted to rescind its action of April 10th employing plaintiff. Plaintiff refused to accept the purported rescission and on August 2nd, the day the school commenced, she went to the district and offered to teach the school, but another teacher was then employed and plaintiff's offer was refused.

Section 11137, Revised Statutes 1919, provides that a teacher's contract "shall be made by order of the board; shall specify the number of months the school is to be taught and the wages per month to be paid; shall be signed by the teacher and the president of the board, and attested by the clerk," etc. Plaintiff had no contract unless her written application and the action and orders, etc., of the board thereafter as above set out constitute a contract.

Defendant's learned counsel invokes the letter of section 11137 and contends that plaintiff had no contract signed by herself, by the president of the board and attested by the clerk as provided in the statute, and that, therefore, she had no valid and binding contract. Section 11138, Revised Statutes 1919, provides that the contract required by section 11137 shall be construed under the general law of contracts. Section 2164, Revised Statutes 1919, is a part of the general statutory law of contracts and provides: "No county, city, town, village, school township, school district, or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

Sections 11137 and 2164 both require that a teacher's contract be in writing and there is no conflict in the two sections. Since section 2164 is a part of the general statutory law of contracts it may be invoked in the construction of a teacher's contract. Neither section requires that a teacher's contract be in any particular form, nor does either section require that the parties to be bound all sign the same instrument. In construing section 2164 the Kansas City Court of Appeals in Platte City to use of Prior v. Paxton, 141 Mo. App. 175, 124 S. W. 531, held than an ordinance for street improvement, a written bid duly signed and a resolution accepting the bid, constituted a written contract and was a substantial compliance with the requirements of section 2164. To the same effect are Blares v. Hawkins, 133 Mo. App. 328, 112 S. W. 979; City of California v. Telephone Company, 112 Mo. App. 722, 87 S. W. 604.

A contract is the agreement which the parties make and not the writing which evidences the agreement. [13 C. J. 239.] In Baxter v. School District, 217 Mo. App. 389, 266 S. W. 760, we held a

teacher's contract valid although the president of the board had not signed a formal written paper evidencing the contract.

Plaintiff in the cause at bar filed her written application duly signed by her. It specified as to the school, term, salary, etc. This application may be termed an offer and the board of directors not only made an order accepting this offer, but went further and each director, including the president, signed a writing which evidenced the contract which they had consummated by their acceptance of record. It also appears that the clerk of the district signed the minutes of the board accepting plaintiff's application to teach the school. This record shows that every requirement as to writing and signing, made by section 11137, was fully met. There is no argument against the validity of the contract except that it was not formally written upon a separate paper and there signed by all the parties required by the statute. Such is not necessary and could not be made so without making the law respecting teachers' contracts different from the general law of contracts. We hold that plaintiff's contract was valid and binding.

Was plaintiff's cause of action prematurely filed? The cause was tried upon an amended petition filed September 6, 1926, one day before the cause was tried, but the original petition was filed June 4, 1926, a few days after the board of directors attempted to rescind its order employing plaintiff.

In Eddington v. Cockrell, 286 S. W. 405, we had a similar question presented. There we said: ''Plaintiff concedes that defendant's alleged counterclaim arises in contract, but contends that the cause of action pleaded in the counterclaim did not exist on June 9th when plaintiff commenced his action. Where a party, bound by an executory contract, repudiates his obligation before the time for performance, the promisee, according to the great weight of authority, may treat the contract as ended so far as concerns further performance, and sue at once for damages for such anticipatory breach. [13 C. J. 651; Gabriel v. Brick, Co., 57 Mo. App. 520, loc. cit. 527; Claes & Lehenbeuter Mfg. Co. v. McCord, 65 Mo. App. 507; Dempsey v. Dorrance, 151 Mo. App. 429, 132 S. W. 33.] The cases cited, and all others, so far as we have examined, were where the contract had been breached by some overt act or declaration, or where it had been unequivocally abandoned.''

That the defendant district repudiated the contract and its obligation under it before the time of performance cannot be questioned. Neither can it be doubted from this record that the contract was breached by an overt act, or declaration. Hence plaintiff was at liberty to treat the contract as ended, so far as concerned performance, and sue for damages. [See, also, McManama v. Dyer, 176 S. W. (Mo. App.) 1101; Laswell v. Handle Co., 147 Mo. App. 497, loc.

cit. 535, 126 S. W. 969; Rose v. Railroad, 146 Mo. App. 215, 123 S. W. 946.]

The trial was had September 7, 1926, little more than a month after the time that performance was to begin, and nearly seven months before the end of the school term which plaintiff was employed to teach. It is contended, therefore, by defendant that plaintiff, in no event, was entitled to recover for the full contract price. On the question of the measure of damages in an action by a teacher for breach of the contract to teach, 35 Cyc. 1097, states the rule as follows: "The measure of damages in favor of a teacher, in case of a breach of his contract of employment, is governed by the rules applicable to ordinary contracts of employment and, prima-facie, is the wages agreed to be paid, less what the teacher might by the exercise of reasonable diligence have earned or actually did earn in the same line of employment. If the contract is broken by the district it is the duty of the teacher to use all reasonable diligence to secure similar employment, so as to mitigate the damages."

Plaintiff offered to show that up to the time of the trial she had not been able to obtain a position as a teacher, but on objection by defendant this offer was excluded. In an action such as here by a teacher the burden of proving that the teacher did or might have obtained other employment in the same line which would go to reduce the damages is upon the school district and not upon the teacher. [35 Cyc. 1097; Farrell v. School District, 56 N. W. (Mich.) 1053; School Directors v. Kimmel, 31 Ill. App. 537; Kring v. School District, 182 N. W. (Neb.) 481.]

Under the pleadings and the facts as appear in the record and under the law as we understand it to be plaintiff made a prima-facie case and was entitled under the case made by her to recover the contract price. We stated at the outset that defendant has presented here two propositions, one being on the premature filing of the suit. This question is presented in defendants' brief, and we have given it consideration, but the question was not specifically raised below. Neither did defendant make any effort to discharge the burden upon it to show that plaintiff had or might have procured other similar employment.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.