THE CITY OF PLATTE CITY to the use of W. A. PRIOR, Respondent, v. WILLIAM M. PAXTON, Appellant.

**Kansas City Court of Appeals, January 10, 1910.**

1. **TAXBILLS: Compliance with Specifications.** A substantial compliance with the specifications in, conforming to the established grade is a sufficient compliance therewith.

2. ————: ————: **Petition for Sidewalk.** In cities of the fourth class a petition of ten citizens is not required in cases where it is proposed to remove an old and defective sidewalk and replace it with a new one, under section 5991, Revised Statutes 1899.

3. ————: ————: **Filing Specifications.** Where a sidewalk is to be constructed there is no necessity under the law for the plans and specifications to be on file at the time of the enactment of the ordinance authorizing the improvement.

4. ————: ————: ————: ————. However, where the ordinance itself embodies full plans and specifications it is immaterial whether or not they be filed at all.

5. ————: ————: **Written Contract.** The ordinance, plaintiff's written bid duly signed, and the resolution accepting the bid which was duly passed and made of record constituted a written contract and was a sufficient compliance with the statute.

6. ————: ————: **Contract.** Where the ordinance did not specify a time for the completion of the work, by implication, it was required to be completed within a reasonable time, and the motion accepting the bid specifying thirty days for the completion of the work, merely stated a reasonable time and did not add a new condition to the contract, but if an unreasonable time had been specified in the motion, that part of the motion would be regarded as surplusage and the ordinance would control.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Wm. M. Paxton, pro se, Jno. W. Coots* and *Chas. H. Winston* for appellant.

(1) No city can enter into any contract except in writing. R. S. 1899, sec. 6759. And the entire work must be done after, and not before, the making of the contract. Prior's bid does not specify thirty days in which to complete the work, nor any time at all; nor does the advertisement for bids specify any time. On October 2, 1907, the board of aldermen accepted Prior's bid, but added that the work should be completed in thirty days. On November 7, 1907, the street commissioner reported to the board that he had closed the contract with Prior for the construction of the sidewalk and on the same day the board passed an ordinance ratifying and approving the commissioner's act in closing the contract with Prior, after the completion of the work. No time for the completion of the work having been specified in the notice to bidders, all prospective bidders and the public had a right to assume that the time would be fifteen days, as provided in the general ordinances of the city, and not thirty days, as afterwards provided by the order of the board in accepting Prior's bid on October 2, 1907. This condition of affairs very materially affected the competition of bidders, and had a tendency to deter bidders, for many contractors might have been able to do the work in thirty days, but not in fifteen days. The alleged contract as let was not such as was advertised, and hence was illegal and void. Galbraith v. Newton, 30 Mo. App. 393; Springfield v. Davis, 80 Mo. App. 574; Turner v. Springfield, 117 Mo. App. 418; Excelsior Springs v. Ettenson, 120 Mo. App. 224.

*James H. Hull* for respondent.

(1) The city passed an ordinance condemning appellant's walk and authorizing the construction of a new walk in lieu thereof, directed in said ordinance, that the street commissioner make an estimate of the

cost of same and to draft plans and specifications for the same, to advertise for bids all of which was properly done. Respondent Prior, in due time put in a written bid stating he would do the work as per plans and specifications on file as per published notice for twenty cents per square foot, which bid was accepted by order of the board, duly entered on the journal and the street commissioner was directed by order of the board, entered of record on the journal directing him to notify said Prior of the acceptance of his bid, which was accordingly done, walk was built according to contract and street commissioner made report to the board of aldermen which report was duly accepted and an ordinance passed ratifying and accepting the report and all that the street commissioner had done. This ordinance with the subsequent proceedings thereunder, constitute a sufficient writing and acceptance by the party to be charged to fulfill all requirements of the statute. California v. Telephone Co., 112 Mo. App. 722; Lancaster v. Briggs & Nelvin, 118 Mo. App. 576; Water Co. v. Aurora, 129 Mo. 540; Saleno v. Neosho, 127 Mo. 627; Fayette ex rel. v. Rich, 123 Mo. App. 145. (2) No time having been specified in the ordinance for the completion of the work, all prospective bidders and the public were compelled to assume, as the law provides, that the work must be completed within a reasonable time and to put in their bids accordingly. The contract as let by the board to respondent was exactly the same as if no reference to the time of completion of the work had been made in the acceptance of respondent's bid. Ayers v. Schmohl, 86 Mo. App. 349; Carlin v. Cavender, 56 Mo. 286; Heman v. Gilliam, 171 Mo. 258; Strassheim v. Jerman, 56 Mo. 104; Allen v. La Force, 95 Mo. App. 324; Hilgert v. Paving Co., 107 Mo. App. 396; Montague v. Kolkmeyer, 120 S. W. 637; Excelsior Springs v. Ettenson, 120 Mo. App. 215.

JOHNSON, J.—This suit is to enforce the lien of a special taxbill issued by Platte City, a city of the fourth class, in payment of the cost of laying a granitoid sidewalk in front of premises of defendant. The answer interposes a number of defenses. The cause was tried to the court without the aid of a jury and judgment was entered for plaintiff. Defendant appealed.

On May 1, 1907, an ordinance was passed entitled "An Ordinance to condemn wooden and brick and defective sidewalks in the city of Platte City and for the removal of all walks so condemned and to provide for the construction of new sidewalks so condemned and removed." A wooden sidewalk in front of defendant's property was condemned in this ordinance and was ordered to be removed and replaced by a granitoid sidewalk. Defendant failed to comply with the ordinance and on August 7th of the same year another ordinance was passed in which, after reciting the enactment of the first ordinance and defendant's refusal to comply with its requirements, it was provided that the wooden walk be removed and replaced by a granitoid walk. Full specifications for the improvement were embodied in the ordinance. The specifications included the work of excavating and provided that the cost of such work should be treated as a part of the cost of the improvement. The street commissioner was ordered to prepare specifications and an estimate of the cost of the improvement, to file them with the city clerk, and then to advertise for bids.

In obedience to this ordinance, the street commissioner prepared and filed plans and specifications which were the same as those embraced in the ordinance, with the exception that they failed to mention the work of making the necessary excavation for the sidewalk. An estimate was filed at the same time and, in further compliance with the ordinance, an advertisement was made for bids and in response thereto plaintiff filed the following bid on October 2nd:

"I, W. A. Prior, agree to furnish all materials, forms, labor, etc., necessary to build and complete the said sidewalks as specified in notice and to do all work according to specifications and in a workmanlike manner for the sum of twenty cents per square foot."

At a regular meeting of the board of aldermen held October 2nd, a motion was carried that the bid of plaintiff being the only bid and, consequently, the lowest and best bid, be accepted and "it is also further ordered that W. A. Prior construct the walks within thirty days from the time of the letting of the contract."

No written contract was executed by the parties, the ordinance, bid and acceptance by motion being treated as the contract. It is conceded the work was done in accordance with the specifications except in one particular. The ordinance required the walk to be laid on the established grade. Defendant contends this was not done, while plaintiff contends that this requirement was substantially met. After the completion of the work (accomplished within thirty days of the passage of the motion accepting the bid), an ordinance was passed ratifying all that had been done and an assessment was levied and the taxbill in suit issued in conformity thereto. The court made the following special findings of fact:

"The court, having been requested by plaintiff to make a special finding of facts, makes the following finding:

The court finds that at the time of the passing of all the ordinances in question, and at all times mentioned in the pleading and evidence, that the city of Platte City was a city of the fourth class, duly and legally incorporated under the laws of the State of Missouri, and existing and acting as such at all times mentioned in the pleadings and the evidence.

The court further finds, that in this particular matter of constructing sidewalks in front of the property described in the petition, the city proceeded un-

der the general statute giving the city power to tear up wooden sidewalks and replace them.

The court finds that at the time this sidewalk was condemned by the city authorities, the wooden sidewalk existing in front of the property mentioned in the petition was in a dilapidated, dangerous and unsafe condition.

The court finds that the ordinance, orders and official acts of the officers of the city of Platte City, concerning the condemning and removal and tearing up of the old walks and replacing them by putting down the granitoid walks in question, was legal and conformed to the ordinances of the city of Platte City, and also to the laws of this State.

The court further finds that all of the proceedings and ordinances condemning and tearing up of the old wooden sidewalks and constructing and building the granitoid sidewalks were legal and valid, and that the proceedings were according to law.

The court further finds that from the weight of the evidence in the case the granitoid sidewalk constructed on the premises described in the petition, is substantial and is practically on grade according to the lay of the land and the surface of the land and street, and the finding will be for the plaintiff."

These findings, so far as they relate to controverted issues of fact, will be treated as the verdict of a jury. On the issue of whether the sidewalk was laid on the established grade, we find credible evidence in the record supporting the finding of the court that the sidewalk substantially conforms to the established grade. A substantial compliance with specifications in such cases is a sufficient compliance. It would be a harsh and unjust rule that would require the contractor to construct the sidewalk to conform exactly in its whole course to the established grade.

Many points are made by defendant in support of his contention that the proceedings leading to the as-

sessment were invalid for the reason that they did not meet the requirements of the statute. We shall discuss all of these points we deem of sufficient merit to call for special notice.

First, it is said the city had no authority to condemn the old sidewalk and to order the construction of a new one to replace it since it appears that no petition of ten citizens was filed. The statute provides (sec. 5989, R. S. 1899): "Upon the petition of any ten citizens of the city the board of aldermen shall have power to make contracts for the construction of sidewalks, etc." Section 5991 provides: "In addition to the powers hereinbefore granted, the board of aldermen may, by ordinance or resolution, condemn wooden and defective sidewalks, and may remove walks so condemned and may provide for the construction of new sidewalks in the place of walks so condemned and removed."

Construing these two sections together, we think they express the legislative intent of requiring a petition of ten citizens only in instances where it is proposed to construct a sidewalk for the first time and not to cases where it is proposed to remove an old and defective sidewalk and replace it with a new one. The latter cases fall within the purview of section 5991 which appears to dispense with the filing of an initiatory petition.

Further, it is argued that the proceedings were void because the plans and specifications referred to in the ordinance authorizing the improvement were not on file with the city clerk at the time of the passage of that ordinance. The statutes make a marked distinction between sidewalks and other classes of street improvements such as paving and grading. In the latter cases the initiatory proceedings must either contain the plans and specifications or else refer to plans and specifications then on file. This is for the protection of the property owners to be affected. They must be

given an opportunity to arrest the proceedings by a majority protest against the improvement. [City of Kirksville v. Coleman, 103 Mo. App. 215; Paving Co. v. O'Brien, 128 Mo. App. 1. c. 281.] But the law makes no provision of this character where a sidewalk is to be constructed and, consequently, there is no necessity for the plans and specifications to be on file at the time of the enactment of the ordinance authorizing the improvement. Moreover, in cases such as the present, where the ordinance itself embodies full plans and specifications, it is immaterial whether or not they be filed at all. Reference in the ordinance to plans and specifications is only a statutory substitute (sec. 5989) for their incorporation with the ordinance.

Next, defendant insists that the assessment was invalid because no written contract was executed by the city and plaintiff (citing sec. 6759, R. S. 1899). The ordinance, plaintiff's written bid duly signed, and the resolution accepting the bid which was duly passed and made of record, constituted a written contract and were a sufficient compliance with the statute. It is the law that the written contract can create no rights or obligations in excess or defect of those created by the ordinance, and this being true, what necessity can there be for the execution of a separate written contract?

Defendant urges that the acceptance by the city did not close the contract because it injected a new condition, i. e. that the work should be completed in thirty days. The ordinance did not specify a time for the completion of the work and, therefore, by implication, required the improvement to be completed within a reasonable time. It appears that the motion accepting the bid merely specified a reasonable time and, therefore, did not attempt to add a new condition to the contract expressed in the ordinance, but if the time stated had been either unreasonably long or short, the ordinance would control, and that part of the motion should

be regarded as mere surplusage because of its utter impotence.

We conclude that the proceedings leading to the issuance of the taxbill were valid and accordingly the judgment is affirmed. All concur.