REITHA BAXTER, Appellant, v. SCHOOL DISTRICT
OF MILLER, Respondent.*

In the Springfield Court of Appeals, December 16, 1924.

1. **SCHOOLS AND SCHOOL DISTRICTS**: Contracts: Contract to
Employ Teacher Signed by Her and Clerk of School Board in Pursu-
ance of Vote of Board Held Binding, Without President's Signature.
Under sections 11137, 11138, and 2164 of the Revised Statutes of
1919, requiring contracts by school districts to be in writing and
subscribed by the parties thereto or their agents, etc., where board
of directors at meeting made order electing teacher, and made it
part of record, and she afterward signed written contract which
was signed on part of school board by clerk thereof and attested by
him, such contract was binding without signature of president of
district.

2. ———: ———: General Statutory Law Relating to Contracts to be
Considered in Construing Teacher's Contract. Under section 11138,
Revised Statutes of 1919, providing that teacher's contract required
by section 11137 shall be construed under general law of contracts,
section 2164 requiring that contracts by school districts shall be in
writing and subscribed by parties thereto or their agents, etc., is
to be considered in construing such contract.

3. ———: ———: Contract of Employment of Teacher Held Complete
without Formal Application on file. Though teacher had no formal
application on file when school board at meeting made, order em-
ploying her, when she signed written contract prepared by clerk of
board and attested by him, she became "equally bound" thereby
as required by section 11138, Revised Statutes of 1919, and contract
of employment was complete.

---

*Headnotes 1. Schools and School Districts, 35 Cyc., p. 1082; 2.
Schools and School Districts, 35 Cyc., p. 1086; 3. Schools and School
Districts, 35 Cyc., p. 1083.

Appeal from the Circuit Court of Lawrence County.—
*Hon. Chas. L. Henson,* Judge.

REVERSED AND REMANDED *(with directions).*

*H. H. Bloss* of Aurora, *A. N. Walker* of Springfield, and *M. S. Ginn,* of Miller, for appellant.

(1)   In our opinion this case rests almost entirely on the question as to whether or not the act of the directors of the Miller School District in holding an election of teachers at the meeting on April 24, 1922 (which meeting is admitted to have been attended by all of the school directors), and the election of plaintiff as a teacher at that meeting, was sufficient authority for the entering into a contract with her for, if it was, then the contract as it appears in the record was a legal one and she can recover.   With this point decided in the plaintiff's favor, and it does not seem that there can be any questions as to it, her contract, in view of the decisions, did not require the signature of the President to bind the district.   The election of plaintiff as teacher was certainly sufficient evidence of her employment "by order of the board" and a resolution to enter into a contract with her would have been nothing but surplusage and would have been an innovation in the case of this particular board as shown by the records.   In the case of School District v. Edmonston, 50 Mo. App. 65, is a case which decided this question upon a statement of facts almost identical with those here involved.   The clerk drew up a contract, it was signed in duplicate by the clerk but the president of the board refused to sign it.   The court, on pages 68; 69, said:   "An examination of the proceedings of the board relating to her employment satisfies us that they were regular, and that plaintiff's objections" (in this case the board sought an injunction to prevent defendant teacher from carrying on the school) "urged thereto are not well taken.   A majority of the board acted and the record shows such action to have been well taken. It became the duty of the president of the board to sign the contract, witnessing the employment made by the board, regardless of his individual judgment or view of

the propriety of the board's action so long as it was legally taken." Going on further in the same case, the court said: "Plaintiff seeks a court of equity, to restrain defendant from teaching a school for the reason that she has not a legal contract, the illegality arising from the non-performance of a duty which the president of the board should perform, by signing." After a teacher has been employed by the board of directors of an independent district and the contract has been signed by himself and the secretary, the president of the board cannot refuse to approve and file the contract because the teacher is not of good moral character and not fit to teach, since these are matters for the board to determine. "In case the board breaks the contract before commencement of such services, the teacher need not immediately seek other employment, but may insist on the contract, and tender her services at the stipulated time. Farrell v. School District No. 2 of Rubicon Tp., 98 Mich. 43, 56 N. W. 1053.

*Katherine Halterman,* of Joplin, and *W. B. Skinner,* of Springfield, for respondent.

(1) A school district is a *quasi corporation,* and can exercise only such powers as are given it by the statute, and only in the way provided by the statute. Buchanan v. School District, 25 Mo. App. 85; Rudy v. School District, 30 Mo. App. 117. (2) Persons contracting with school directors must take notice of their limited powers and a contract in excess of their powers cannot be enforced. Cheeney v. Brookfield, 60 Mo. 53; Rudy v. School District, supra. (3) School boards have power at a regular or special meeting to contract with and employ legally qualified teachers for and in the name of the district; the contract shall be made by order of the board, shall specify the number of months the school is to be taught, and the wages per month to be paid, shall be signed by the teacher and the president of the board and attested by the clerk of the district, when the teach-

er's certificate is filed with the clerk. R. S. 1919, sec. 11137. (4) Prior to the Act of 1874, Laws of 1874, page 150, Missouri had no law requiring school teachers' contracts to be in writing, and the case of Wilson v. Board of Education, 63 Mo. 137, was decided on a situation arising in 1872, and is not an authority under the present statute. R. S. 1879, sec. 7046, note. (5) The statute, sec. 11137, R. S. 1919, provides that contracts for the employment of teachers by boards of school directors shall be made by order of the board at general or special meetings of such board, shall be signed by the teacher and the president of the board and attested by the clerk of the district when the teachers certificate is filed with said clerk, who shall return the certificate to the teacher at the end of the term. The validity of such a contract is in no way dependent on the attestation of the clerk, nor can such a contract, otherwise invalid, be made valid by the attestation of the clerk. This provision of the statute is but directory. R. S. 1919, sec. 11137; McShane v. School District, 70 Mo. App. 624; Saleno v. Neosho, 127 Mo. 627; Blades v. Hawkins, 240 Mo. 194. (6) In a parol contract of employment the fact that the services could have been completed within one year after such services were to be commenced does not relieve the contract from the effect of the Statute of Frauds. The year designated by the statute commences from the date of the agreement. Brookfield v. Drury College, 139 Mo. App. 367 and 368. (7) In order to sustain such an action as this it must be made to appear that plaintiff has a contract in writing to teach in the defendant school district's school, made by an order of its board of directors and signed by the president of such board of directors and that the president has suffered damage by not being allowed to perform such contract on her part. R. S. 1919, sec. 11137; School District v. Edmonston, 50 Mo. App. 65; McShane v. District, 70 Mo. App., 24; Pugh v. District, 114 Mo. App. 688; Hibbart v. District, 135 Mo. App. 621; McLellan v. Board, 15 Mo. App. 362.

BRADLEY, J.—Plaintiff, a teacher, sued to recover for an alleged breach of contract. At the close of plaintiff's case the court sustained a demurrer to the evidence, and plaintiff took an involuntary nonsuit with leave. In due time plaintiff filed motion to set aside nonsuit which motion was overruled, and she appealed.

Plaintiff was employed as a teacher in the defendant district for the school year of 1921 and 1922, and her cause is founded upon the contention that she was employed for the following year beginning in September, 1922. On April 24, 1922, the board of directors in lawful session, with all members present, unanimously elected plaintiff to teach in said district for the following school year. The record of the board respecting plaintiff's election is a follows: "On motion it was voted to go into election of teacher for the 5 and 6 grades, and on ballot Miss Reitha Baxter was duly elected at a salary of $65 per month."

On May 12, 1922, plaintiff signed the usual formal contract which had been prepared by the clerk of the school district and attested by him, and left at a bank for plaintiff to sign. The board of directors subsequently repudiated plaintiff's election as teacher, employed another in her stead, and refused to permit her to teach in said school.

The defense is bottomed squarely upon the proposition that the defendant district is not bound by the alleged contract of employment. Defendant contends that the record entry, *supra,* and the formal contract signed by plaintiff and the district clerk do not constitute a complete contract. The president of defendant district did not sign the formal contract which was signed by plaintiff and the district clerk, and defendant is relying on this omission to escape liabilty. Pertinent to the question at bar section 11137, Revised Statutes 1919, provides that a contract for the employment of a teacher in the public schools, "shall be made by order of the board; shall specify the number of months the school is

to be taught, and the wages per month to be paid; shall be signed by the teacher and the president of the board and attested by the clerk of the district," etc.

Every requirement of the statute was met except the president of the board did not sign the formal contract. Was the president's signature absolutely necessary in order to bind the district? We think not. Section 11138 Revised Statutes 1919, provides that the contract mentioned in section 11137 shall be construed under the general law of contracts. Section 2164, Revised Statutes 1919, provides that: "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

Section 2164 is a part of the general statutory law relating to contracts and by virtue of section 11138, *supra* is to be considered in determining the construction of a teacher's contract. In Platte City to use of Prior v. Paxton, 141 Mo. App. 175, 124 S. W. 531, it was held that an ordinance for street improvement, written bid duly signed, and a resolution accepting the bid constituted a written contract, and was a substantial compliance with what is now section 2164. In Blades v. Hawkins, 133 Mo. App. 328, 112 S. W. 979, it was held that where a county court entered an order of record employing an accountant to audit the books of the county officers setting out therein the terms of the employment, and the person employed filed his written acceptance, that such was a sufficient compliance with what is now section 2164. School District v. Edmonston, 50 Mo. App. 68, was a proceeding by injunction to restrain a teacher

from teaching a school. The trial court granted the injunction and the defendant teacher appealed. In that case an order had been made of record by the board of directors employing the teacher. The formal contract was drawn by the clerk according to law, and was signed in duplicate by the teacher and attested by the clerk. The president of the school board refused to sign, and the failure to sign by the president was the chief ground upon which the district relied to support the contention that the contract was void. It was held under the facts in that case that it was wrongful in law for the president to refuse to sign the contract, and that the district could not in a court of equity have redress for a wrong brought about by its own wrongful conduct in the first instance. The judgment of the trial court was reversed and the bill dismissed. In disposing of the Edmonston case the court remarked that it was not necessary to say whether the teacher could or could not recover for her services in a direct action at law. The facts of that case are substantially on all fours with the facts at bar, and of the legality of the employment of the Edmonston case the court said: ''An examination of the proceedings of the board relating to her employment satisfies us that they were regular, and that plaintiff's objection urged thereto are not well taken.''

When the board of directors in the cause at bar made the order on April 24th employing plaintiff she had no formal application on file, and defendant contends that plaintiff was not equally bound. Section 11138; *supra*, provides that both the district and the teacher shall be equally bound by the contract of employment. But when plaintiff signed the formal contract in duplicate as prepared by the clerk she became thereby ''equally bound,'' and the contract of employment became complete.

It is our conclusion that the learned trial court erred in sustaining the demurrer, and in refusing to set aside

the nonsuit. The judgment should be reversed and the cause remanded with directions to set aside the nonsuit, and grant to plaintiff a new trial, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.