STATE of Missouri ex rel. G. W. PRICH-
ARD, d/b/a William Prichard &
Associates, Appellant,

v.

J. Carl WARD, J. E. Jackson, Kenneth Lee,
Pharis Cleeton, Lee Reece, T. H. Simpson,
John Moffett and O. H. Gramling, Re-
spondents.

No. 22601.

Kansas City Court of Appeals.
Missouri.

June 25, 1957.

Henry G. Eager, Leo E. Eickhoff, Jr., Kansas City, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel, for appellant.

L. E. Atherton, Milan, for respondents.

SPERRY, Commissioner.

Relator herein an engineer, filed petition for writ of mandamus to compel respondents, the Mayor, Members of the Council, and Clerk of the City of Milan, to amend the journal entry of a meeting of the Board of Aldermen of said City regarding the employment of Relator by the City to perform certain professional services. Upon a trial the preliminary writ was dismissed and Relator appeals.

The petition, as amended, states that preliminary discussions were had between Relator and the representatives of the City of Milan, relating to the performance by Relator of professional services for the City, in connection with the production and distribution of electricity, and relating to the treatment of sewerage and the improvement and extension of sewerage lines and facilities; that, following said discussions, a meeting of the Mayor and Council was held, on February 3, 1953, at which time the following journal entry was made:

"Motion by Jackson the Mayor be authorized and instructed to enter into a contract with G. W. Prichard concerning Electric Distribution System, said contract to be subject to the approval of a legal practicing attorney and in conformity with the Manual of Practice of Civil Engineering, Seconded by Armstrong. Vote: * * *."

It is further alleged that, thereafter, Relator and the Mayor entered into written contracts, duly signed, whereby Relator agreed to perform certain services with regard to the electrical distribution system of the City, and also to perform certain services in connection with the sewerage system of the City; that Relator, in good faith, has performed said services but is unable to prove a valid contract with relation to the sewerage system because no reference thereto is made in the journal entry authorizing the execution of the contract between the Mayor and Relator; that this deficiency in the record has but recently come to his attention; that the true and correct entry should have been as follows:

"Motion by Jackson the Mayor be authorized and instructed to enter into contracts with G. W. Prichard concerning Electric Distribution System, sewage treatment plant and sewerage lines said con-

tracts to be subject to the approval of a legal practicing attorney and in conformity with the Manual of Practice of Civil Engineering. Seconded by Armstrong. Vote: * * *".

■ It is readily apparent that neither the entry, as originally made, nor as sought to be amended in this action, can bind the City of Milan in any contract entered by the Mayor pursuant to said order and entry. It is too vague and indefinite to meet the requirements of Section 432.070 RSMo 1949, V.A.M.S., the pertinent portions of which are as follows:

"No county, city, town, village, school township, school district or other municipal corporation shall make any contract * * * and such contract, including the *consideration*, shall be in writing and *dated when made*, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." Italics ours.

■ The statute constituted notice to Relator, and to the City officials, that the City would not be bound by a contract, to be entered into between the Mayor and Relator, by authority of a journal entry in language so vague and uncertain as here used. Fulton v. City of Lockwood, Mo., 269 S.W.2d 1, 7.

. The language used does not constitute intelligible instructions to the Mayor as to what the subject matter of the contract is. "Concerning sewage treatment plant and sewerage lines." Contract to do *what* concerning the plant and lines? Was the Mayor to contract with Relator to have the sewerage lines flushed out? Or were there to be new lines built? Did the City then have a sewerage treatment plant that was to be repaired, rebuilt, or otherwise renewed? Or was the Mayor authorized to contract with Relator for the construction of a new plant? If a plant was to be built and sewerage lines to be laid, when neither plant or lines previously existed, when was it to be built? How much was it

to cost? Was the cost to be paid in cash or were bonds to be used in payment? What kind of bonds and at what rate of interest? When was the contract to be entered into and when to be performed? The answer to these questions, (and many more similar ones) remain in darkness so far as the entry is concerned. The direction contained in this entry is as vague as that mentioned in Iowa Bonding & Casualty Company v. City of Marceline, Mo. App., 255 S.W. 577, 578, which was held to be too uncertain for enforcement.

■ In order that the City be bound by the action of the Mayor, as herein contended, the record entry relied on should have identified the subject matter and have given the outline of what was to be done under the contract authorized, together with consideration to be paid. Morrow v. Pike County, 189 Mo. 610, 620, 621, 88 S.W. 99.

■ The Mayor and Board of Aldermen of a city may not delegate their duties with regard to city affairs. Specifically, the Mayor and Board could not, in the instant case, legally authorize one member of the body to make a contract concerning sewers, the entire subject matter, consideration and terms of which were to be at the discretion of the delegate. Stewart v. City of Springfield, 350 Mo. 234, 165 S.W. 2d 626, 629. Legislative powers may not be delegated, although the mere ministerial act of executing an instrument, the terms of which having been agreed to, may be delegated. Neill v. Gates, 152 Mo. 585, 594, 54 S.W. 460. The terms and conditions of a contract having to do with sewerage disposal require the legislative action of the Mayor and Council. No individual may be authorized to exercise that function.

■ Since the order correcting the minutes, sought herein, if made, would not authorize or validate any so called contract made between the Relator and the Mayor, the writ should not issue. 55 C.J.S.

Mandamus § 11, page 36; Barth v. Clay Township, 354 Mo. 90, 188 S.W.2d 660, 662.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.