**UNITED COOPERATIVES, INC., a Missouri corporation, Appellant,**

v.

**CITY OF SMITHVILLE, Missouri, et al., Respondents.**

**No. WD 32225.**

Missouri Court of Appeals, Western District.

March 2, 1982.

J. Michael Murphy, Liberty, for appellant.

Jon M. Krebbs of Krebbs, Holdsworth & Harman, Kansas City, for respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is an action for a breach of contract. This appeal follows a judgment in the form of an order of dismissal for failing to state a cause of action and for failing to comply with § 432.070, RSMo.1978. The judgment is reversed and the cause remanded.

The sole issue before this court is whether or not appellant stated a cause of action and the court erred in dismissing the same. This opinion does not address or rule on the validity of the claims and defenses under the contract in dispute.

The record consists of a lengthy stipulation of facts, testimony of one witness for appellant and documentary evidence. The dispute arises over a contract between the parties dated July 23, 1970. This agreement provided that appellant would place certain funds in escrow to cover the costs of construction and installation of an 8″ water main. It also provided that respondent, if the voters approved a bond issue within ten years of the date of the contract, would reimburse appellant one-half the cost of the construction and installation. A bond issue, as well as ordinances relating thereto, was passed, but the claims and defenses in regard thereto are not considered in this decision.

Appellant made demand for reimbursement, respondent refused, and this action

for breach of the agreement followed. Respondent filed a motion to dismiss the petition, charging that the petition, supported by the agreement, and supporting documentary evidence failed to state a cause of action for failure to comply with the requirements of § 432.070.[1]

Under the statute, respondent argues that the execution of the agreement or contract by the Mayor of respondent city was not "authorized in writing" by the Board of Aldermen. Respondent further argues that the minutes of the Board (made a part of this record within the stipulation of facts) are so vague and uncertain that they negate any proof the Board "authorized in writing" the Mayor to execute and enter into the agreement, thus binding respondent to the agreement. Respondent argues that the minutes are so deficient that they render identification of the agreement impossible. Respondent refers this court to *Needles v. Kansas City*, 371 S.W.2d 300 (Mo.1963), wherein it was held that contracts to be binding against a municipality must be in writing, they must state the consideration therefor and the date thereof, and must have been expressly authorized by law. Respondent also refers this court to *Fulton v. City of Lockwood*, 269 S.W.2d 1 (Mo.1954) for the rule that where there is no express authorization upon the records of the municipality for the contract, then that contract is void ab initio. See also *Eureka Fire Hose Mfg. Co. v. City of Portageville*, 106 S.W.2d 513 (Mo.App.1937).

The dispute between the parties narrows to the consideration of the record of the minutes of respondent city and the answer to the question: Does that record reveal sufficient *written* authorization to execute the contract and thus bind respondent thereto (§ 432.070)?

As regards *Needles, Fulton* and *Eureka,* there is no question that the agreement in this case complies with the statute in every regard *if* the records of respondent also support written authorization. Respondent further refers this court to *State ex rel. G. W. Prichard v. Ward*, 305 S.W.2d 900 (Mo. App.1957) and *State ex rel. State Highway Commission v. City of Sullivan*, 520 S.W.2d 186 (Mo.App.1975). Neither of these cases control. *Prichard* is distinguishable because there was never any authorization for performance under the contract. *Highway Commission* is clearly distinguishable because the evidence revealed that the city fathers directly decided to allow the Highway Commission to complete relocation of sewer lines and there was no agreement whatsoever relative to reimbursement.

Respondent is correct when it refers this court to *Burger v. City of Springfield*, 323 S.W.2d 777 (Mo.1959), which set forth the general rule regarding contracts with units of government. That rule, in summary, is that the public right is superior to individual right and strict compliance with statutory requirements is mandatory to safeguard the public from the needless and extravagant demands to restrain public officials from ill-considered actions and prevention of fraud and speculation. This ruling is unquestionably sound, but has no specific application to the instant case because none of the elements referenced in this rule are to be found in the instant case.

Respondent city was in the process of deciding what form of water supply it would adopt to meet its expansion and the needs of its residents. Discussion and meetings took place, wherein alternate plans were considered. Respondent hired one Jim Justus to develop a plan. This plan was drawn up and included participation of developers who had located in the area. Appellant was one of those developers.

1. § 432.070, RSMo 1978 reads:

432.070. Contracts, execution of by counties, towns—form of contract.—No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

When carefully read, the minutes of respondent disclose that on occasion, a representative of appellant and representatives of other developers attended regular and special Board meetings. The minutes disclose discussion of progress or development from the planning stage to the submission of the agreement which is now the basis of this action. The minutes also reveal that the initial agreement tendered by the developers was rejected by respondent. Justus advised the Board that the original contract was turned down and another would be written. In the minutes, the following is found:

> Jim Justus reported the contract submitted to the city by Mr. Johnson on the water line had been turned down and another one would be written. Actually, what the contract is to consist of is that the city builds the line, Johnson pays for it and the city will reimburse him within 10 years if the water bond passes. There are to be no charges other than tapping on this line.

At a subsequent Board meeting, the minutes from the previous meeting were approved and adopted. This record included: "Jim Justus reported that the first contract on the South Water Line had been turned down and the contract had been re-written and would be submitted again for approval."

Throughout the several meetings, the particular line which is within the contract was referred to as the *South Water Line.* At a subsequent meeting, the minutes record of respondent reveals that "[m]otion was made by Adrian Carver, seconded by Everett James and carried to accept the contract on the 'South' water line as read to the Council. The vote: AYE: EVANS, JAMES, MAJOR, WRIGHT, CRITCHER, CARVER. NAY: None."

The foregoing action was followed by further written authorization, revealed from the record of the minutes as follows: "Motion was made by Adrian Carver, seconded by Link Evans and carried to give the Mayor permission to sign the 'South' Water Line contract for the city when all other parties had signed same. The vote: AYE: CRITCHER, CARVER, COULTER, EVANS, LAFORCE. NAY: None."

It should be noted that the foregoing records also reveal that this "reimbursement" approach to water/sewer line development was not unique to appellant and other developers. This practice had been adopted by respondent in regard to the water/sewer service to the local school.

The minutes of respondent clearly reflect that the Board members were aware of the contract now in dispute. The matter was discussed with appellant and other developers. The Board designated their employee Justus to plan the system and further devise an agreement, inclusive of the participation of appellant and other developers.

Contrary to respondent's contention, its minutes record is not so vague or uncertain as to have failed to comply with § 432.070 upon the premise that the execution of the contract was never authorized in writing by respondent. This court finds, under the particular facts and circumstances of this case, that appellant's petition was not subject to a motion to dismiss for failing to comply with § 432.070 and the court erred in ordering the dismissal.

The validity of the substantive claims and defenses of the parties is not addressed because the record is insufficient for this court to reach and resolve those issues. The trial court, although formally requested to do so, did not provide this court with findings of fact and conclusions of law.

For the reasons set forth herein, the judgment in the form of an order of dismissal for failure to state a cause of action is reversed and this cause is remanded for further proceedings.

All concur.