Jack SORKIN & Marvin Ginsburg, d/b/a Sorkin Ginsburg & Associates, Appellants,

v.

The CITY OF ST. CLAIR, Missouri, Respondent.

No. 58479.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 26, 1990.

Greenberg, Pleban & Fleming, J. Richard McEachern, St. Louis, for appellants.

Jack C. Harper, St. Louis, for respondent.

KAROHL, Judge.

Plaintiffs, Jack Sorkin and Marvin Ginsburg, d/b/a Sorkin, Ginsburg and Associates, appeal from order of summary judgment entered in favor of the City of St. Clair, Missouri. In their points relied upon, plaintiffs allege the trial court committed error in granting summary judgment because: (1) their first amended petition stated a cause of action enforceable under § 432.070 RSMo 1986; and (2) the issue of whether the contract in question was signed by the appropriate agent of St. Clair is a question of fact which requires the court to hear evidence. We affirm.

Section 432.070 governs the form of contracts executed by cities such as St. Clair. It requires all contracts to be expressly authorized by law, in writing, dated when made and signed by the parties or their agents. Section 432.070 RSMo 1986. Plaintiffs in their petition allege:

3. Pursuant to negotiations between the parties, the parties entered into a written contract, which includes minutes of a special meeting of the Board of Alderman of the City of St. Clair. These minutes disclose, in writing, a consideration only to be performed or executed subsequent to the making of the contract and are written and dated January 7, 1987. In addition, the minutes are signed by Charles Lee Miller, Mayor of the City of St. Clair, and his assistant, Kathleen Duke. A copy of the minutes of January 7, 1987, are attached as Exhibit A and incorporated by reference. After the meeting of January 7, 1987, the Plaintiffs prepared a written contract executed by them, which was forwarded to the City of St. Clair. A copy of that contract is attached hereto and incorporated by reference as Exhibit B. *Taken together*, Exhibits A and B are a sufficient written contract between the parties, pursuant to § 432.070 of the Missouri Statutes, which provided that certain work be undertaken for a consideration of Sixty Thousand Dollars ($60,000.00) for the architectural planning and construction of a city hall for the City of St. Clair. (Our emphasis).

The City of St. Clair filed a motion to dismiss plaintiffs' petition on three grounds. First, the city did not pass an authorizing ordinance. Second, there were no subsequent council meetings held authorizing and accepting plaintiffs' written contract. Third, the mayor's signature on the minutes of January 7, 1987, did not constitute a contract but instead verified the minutes. The court construed the city's motion as a motion for summary judgment and found that the city was entitled to judgment as a matter of law.

On appeal plaintiffs claim the trial court erred in granting motion for summary judgment because the statutory requirements of § 432.070 were alleged and shown within the petition. Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Landoll ex rel. Landoll v. Dovell*, 778 S.W.2d 846, 848 (Mo.App.1989). We review the summary judgment record in the light most favorable to plaintiffs, the party against whom the motion was filed. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

In support of their claim, plaintiffs correctly note a contract with a municipality need not be contained in one writing. *Riley v. City of Rock Port*, 165 S.W.2d 880, 889 (Mo.App.1942). However, plaintiffs'

reliance on *Platte City v. Paxton,* 141 Mo. App. 175, 124 S.W. 531 (1910) is misplaced. In *Platte City,* the court held taken together a municipal ordinance, a written bid duly signed and a resolution by a municipality accepting the bid together are sufficient compliance with the statute. *Id.* 124 S.W. at 533. The record in this case does not contain a municipal ordinance. Therefore, *Platte City* is distinguishable on its facts.

■ Here the record consists of Exhibit A which is a copy of the minutes of a special meeting of the Board of Alderman of the City of St. Clair signed by the mayor and an assistant. A reading of the minutes indicates the stated reason for the meeting was to choose an architect for a new civic center. At the meeting the board voted and accepted Jack Sorkin as architect. The mayor stated he intended to call Jack Sorkin tomorrow and "get the ball rolling." Exhibit B is a written contract prepared and signed by plaintiffs only, three months after the special meeting. Neither the city nor an agent thereof signed the contract. Therefore, while the record discloses some authorization by the Board of Alderman granted to the mayor to enter into a contract with plaintiffs, there is no authorizing ordinance. In the absence of an authorizing ordinance, Exhibits A and B taken together, as a matter of law, do not constitute a contract in writing sufficient to bind the city pursuant to § 432.070.

Plaintiffs also rely upon *United Coop., Inc. v. City of Smithville,* 630 S.W.2d 255 (Mo.App.1982) in support of their claim they have complied with § 432.070. In *United Coop.* the existence of a written contract was not at issue. *Id.* The disputed issue was whether the mayor had written authorization to execute and enter into the contract. *Id.* at 256. A bond issue and ordinances relating thereto were passed. *Id.* at 255. The court held the minutes of several meetings of the Board of Alderman were not so vague or uncertain as to have failed to authorize in writing the execution of the contract signed by both parties. *Id.* at 257. Here there is no written contract executed by the mayor. Plaintiffs' petition fails to state a cause of action enforceable under § 432.070 for lack of required authorizing ordinance and for lack of written contract executed by both parties.

Contrary to plaintiffs' contention in their second point, no genuine issues of material fact exist relating to the exhibits. There is no issue of fact regarding the signature of the mayor on the minutes of the special meeting. He signed the minutes. Even if the mayor signed the minutes for the purpose of making an enforceable contract as plaintiffs allege and defendant denies, without an authorizing ordinance the mayor cannot bind the city. *See* § 432.070 RSMo 1986. Furthermore, plaintiffs cannot unilaterally bind the city by executing a contract in response to a meeting of the Board of Alderman. The statute protects the city from such action by requiring all contracts to be expressly authorized by law, in writing and signed by both parties. Accordingly, the city is entitled to summary judgment. Rule 74.04(c).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.